(74 N. W. Rep. 992.)

---

## *In re* CARL A. KAEPPLER.

Opinion filed April 16th, 1898.

**Court Will Not Decide Abstract Questions.**

> An appellate court will not decide abstract questions, the decision of which cannot possibly benefit either party to the litigation on the merits, but will dismiss an appeal whenever it appears that no decision which it can render will aid the appellant on the merits.

### When Court Will Not Decide Merits.

Nor will the court pass on the merits merely for the purpose of relieving the appellant from a judgment for costs, as costs are merely an incident of a litigation.

### Review of Bill of Costs.

But it will even in such a case review the question as to proper items in a bill of costs when such question is properly raised, or the right of the successful suitor to costs at all, as such questions are in no manner connected with the merits.

Appeal from District Court, Cass County; *Pollock*, J.

Insolvency proceedings by the Red River Valley National Bank against Carl A. Kaeppler. Defendant had judgment, from which plaintiff appeals subsequent to a judgment rendered on defendant's voluntary petition in insolvency adjudging him insolvent:

Dismissed.

*Ball, Watson & Maclay*, for appellant.
*Morrill & Engerud*, and *H. R. Turner*, for respondent.

CORLISS, C. J. The motion to dismiss this appeal must be granted. There is before the court only an abstract question, the decision of which, though it should be in favor of the appellant, cannot possibly be of any advantage to him so far as the merits of the controversy are concerned. Appellant instituted, under the statute, involuntary insolvency proceedings against the respondent, who contested them. The court having found in favor of the respondent upon the trial of the issues therein, judgment was rendered dismissing the appellant's petition with costs. Thereupon the respondent himself filed his voluntary petition in insolvency proceedings, and was adjudged an insolvent under the statute. After this adjudication, the appellant took this appeal from the adverse judgment in the involuntary proceedings. It is obvious that the appellant can secure in the voluntary proceedings everything to which it would be entitled should we reverse the judgment appealed from, and direct the District Court to render judgment in its favor. Whichever form the insolvency

proceedings take, the rights of the creditors are precisely the same. The appellant at this moment stands in a position as advantageous as it would occupy should we hold that the lower court ought to have sustained its application. It is therefore prosecuting this appeal not to secure any decision which can be of any benefit to it on the merits. The case is strictly analogous to those cases in which there is no longer any practical controversy between the parties; as, for instance, where, pending an appeal in an action to recover possession of a public office, the term for which the plaintiff was elected has expired. In such cases and in all similar cases the appellate court will dismiss the appeal on the ground that the judicial tribunals are not organized for the purpose of rendering decisions which can be of no possible advantage to the parties to the litigation. *State* v. *Wickersham*, (Wash.) 47 Pac. Rep. 421; *Hice* v. *Orr*, (Wash.) 47 Pac. Rep. 424; *Little* v. *Bowers*, 134 U. S. 547, 10 Sup. Ct. 620; *Foster* v. *Smith*, (Cal.) 47 Pac. Rep. 591; *Peo.* v. *City of Troy*, 82 N. Y. 575; *In re Manning*, 139 N. Y. 446, 34 N. E. Rep. 931; *Miller* v. *Green*, 159 U. S. 651, 16 Sup. Ct. 132; *Washington Market Co.* v. *District of Columbia*, 137 U. S. 62, 11 Sup. Ct. 4; *Hunter* v. *Dickinson*, (Colo. App.) 33 Pac. Rep. 932; *Cutcomp* v. *Utt*, 60 Iowa, 156, 14 N. W. Rep. 214; *State* v. *Porter*, 58 Iowa, 19, 11 N. W. Rep. 715; *Edgerton* v. *State*, (Neb.) 69 N. W. Rep. 302; *Thornton* v. *Investment Co.*, (Ga.) 22 S. E. Rep. 987; *State* v. *Board of Sup'rs of Election*, (La.) 21 South. 731. The case before us is even stronger than those which are above cited, for here it was obvious before the appeal was taken that the appellant could secure no benefit from a favorable decision, whereas in the cases cited that condition arose after the appeal had been perfected.

But it is urged that the appellant has the right to have the merits reviewed for the sole purpose of obtaining, if possible, a reversal of the judgment requiring it to pay costs. In not one of the cases which have already been referred to in this opinion did the court consider the fact that there was a judgment for costs below as at all affecting the question of dismissal. In all these

cases the broad doctrine was enunciated that the appellate court will not investigate the merits for any purpose where there is no longer any merits left to investigate. Costs are only an incident of an action. They in no manner relate to the merits. The question of costs does not arise until after the merits have been passed upon. It is only after there has ceased to be any question of merits left to be determined that the court can reach the incidental matter of costs. Then for the first time do they become a factor in the case. The court awards them, under the statute, to the successful suitor; and, so long as he remains the successful suitor, the judgment for costs must stand. And, because the appellate court will not investigate the case on the merits after the merits have disappeared, the consequence is that the incidental adjudication as to costs cannot be disturbed. If the element of costs is to affect the rule that appellate courts will not decide questions which have become moot questions merely, then in practically every case such questions must be decided; for it is seldom that a judgment appealed from does not award costs against the defeated litigant. Not only does the broad statement of the rule as it appears in the decisions support our ruling, but in all these cases the court had before it a judgment giving costs to the unsuccessful party; and yet, notwithstanding this fact, the appeal was dismissed. Moreover, there are express rulings on the point that the fact that the effect may be to compel the appellant to pay costs as a consequence of an erroneous decision does not take the case out of the rule. *Russell* v. *Campbell,* 112 N. C. 404, 17 S. E. Rep. 149; *Pritchard* v. *Baxter,* 108 N. C. 129, 12 S. E. Rep. 906; *State* v. *Byrd,* 93 N. C. 627; *May* v. *Darden,* 83 N. C. 237; *Hasty* v. *Funderburk,* 89 N. C. 93; *State* v. *Richmond & D. R. Co.,* 74 N. C. 287. As the amount of costs is generally insignificant as compared with the merits of a legal controversy, and as the percentage of decisions found to be erroneous is not large, the practical working of this rule will not lead to any very serious hardship. But, even if the contrary were the case, no different doctrine could be sustained consistently with legal

principles. The question of costs is distinct from the question as to the merits, and, in considering whether the merits shall be passed upon, the appellate court is governed solely by the answer to the inquiry whether there are any actual merits left in the case.

We, of course, do not wish to be understood as confounding matters that are widely dissimilar. While the defeated suitor cannot in a case like this have the merits determined solely for the purpose of escaping a judgment for costs, he may, as in other cases, attack the items of the bill of costs or the right of the successful litigant to costs at all. When he challenges the items or the respondent's right to recover any costs whatsoever, he is making no assault upon the decision of the court on the merits, but, on the contrary, is proceeding on the theory that that decision is in all respects correct. In such a case the appellate court will hear him because there is an actual controversy between the parties in no manner connected with the merits of the litigation; i. e. the controversy as to the amount of costs the respondent can claim on the assumption that the decision on the merits is correct, or as to the right of the respondent to costs at all on that assumption. Were the appellant before us assailing a portion of the bill of costs after having taken the proper steps to entitle it to be heard here on that point, or had it appealed from the judgment in so far as it awarded costs at all, and was now insisting that no costs should be allowed in such a proceeding, then we would refuse to grant the motion. But such is not its position. It does not question the items of the bill or the right of the respondent to costs, if the judgment in his favor on the merits be correct, but seeks by this appeal to have the merits reviewed; and this, we are clear, it cannot do under the undisputed facts. Not only is it clear from the statute that the appellant can secure the same rights in the voluntary insolvency proceedings which it could obtain should the judgment be reversed and the prayer of its petition in the involuntary insolvency proceedings be granted, but it is uncontroverted that it actually has secured in the voluntary proceedings, so far as they have progressed, all the advan-

tages which it would have secured had the decision below been favorable to it. It has joined in the election of an assignee, and obtained the very assignee it desired. It has sold its collateral security under the order of the court, and has proved its claim. It has contested the right of the debtor to exemptions, and has appealed to this court from an adverse decision on this point. All the property which would have passed to the assignee had its original petition been sustained is in the possession of the assignee appointed in the voluntary proceedings. It even secured the benefits of its seizure of the property, under section 6013, Revised Codes, because the debtor consented that the property, might remain in the possession of the sheriff until after the respondent had filed his voluntary petition, and that thereafter the court might appoint a custodian thereof until the assignee should be chosen by the creditors; and this was done.

The appeal is dismissed. All concur.