(99 N. W. 769.)

---

L. H. BURTON AND MRS. L. H. BURTON v. A. A. WALKER, JUSTICE OF THE PEACE, AND M. L. SHANKS.

Opinion filed May 27, 1904.

**Temporary Injunction Issues Under the Statute Only When Complaint Warrants the Relief Claimed.**

1. A temporary restraining order may be issued in a civil action when one of the several conditions enumerated in section 5344, Rev. Codes 1899, is shown to exist, but only "when it shall appear by the complaint that the plaintiff is entitled to the relief demanded."

**Injunction Against Threatened Conversion Allowed Only When Remedy at Law Inadequate.**

> 2. A complaint which merely alleges a threatened conversion of personal property, without alleging exceptional circumstances to show that the remedy at law would be inadequate, does not present a case for equitable interference; and in such case it is error to issue a temporary restraining order.

Appeal from District Court, Cass county; *Pollock*, J.

Action by L. H. Burton and wife against A. A. Walker, justice of the peace, and M. L. Shanks. From an order granting an injunction, defendants appeal.

Reversed.

*J. F. Callahan* and *Morrill & Engerud,* for appellants.

Extraordinary relief by injunction granted only when irreparable injury will be suffered, and there is no adequate remedy at law. 10 Enc. Pl. & Pr. 950-958; 16 Am. & Eng. Enc. of Law, 360; High on Injunctions, 24, 25, 118-120; Pom. Eq. Jur., sections 1347-1358.

It is not claimed that defendant is insolvent. The property was attached, which presumes an adequate attachment bond; and if proceedings were improper, the liability of the sheriff on his official bond is adequate protection to defendant.

It is not claimed that there is anything peculiar in the nature of the property, or that there are peculiar damages to plaintiff which would afford grounds for equitable relief. The complaint and affidavit set forth only a bare threat of conversion.

The objection to the cause of action rests upon the same principles applied in Oliver v. Wilson, 8 N. D. 590, 80 N. W. 757.

An injunction is asked in this case to prevent a justice of the peace from committing an error in a proceeding properly before him. Certiorari or prohibition might lie, but an injunction would not. High on Injunctions, sections 45, 46.

*Smith Stimmel,* for respondents.

The property is of such a peculiar nature that its value could not be definitely ascertained and the conversion thereof would cause plaintiff peculiar and irreparable injury because of the difficulty in ascertaining its value. In such case party aggrieved is not bound to depend upon the solvency of the transgressor.

The threatened damage in the case at bar was not a mere mistake or blundering ignorance of the justice court, but a flagrant disregard of law and the rights of the defendant, under the advice of counsel. The temporary injunction affected no right of the plaintiffs, nor would it even annoy them; every right of defendants as well as those of the plaintiffs were protected by it. It was an interlocutory order to maintain the status quo of parties until the action could be determined upon its merits. The complaint only asked for temporary relief. Forman v. Healey, 11 N. D. 563, 93 N. W. 866; Allison v. Corson, 88 Fed. 581.

YOUNG, C. J. The defendants have appealed from an order of the district court overruling their motion to set aside a temporary injunction which was issued and served with the summons and complaint in this action. The order in question enjoined the defendants from advertising and selling two trunks and their contents, which are owned by the plaintiffs, and were seized and are now held by the deputy sheriff under a writ of attachment issued from the justice court of the defendant A. A. Walker in an action wherein the defendant Shanks was plaintiff and these plaintiffs were defendants. The action in justice court was brought to recover a balance of $82, alleged to be due for medical treatment. The summons in the above case was served on Mrs. Burton, but not upon L. H. Burton, her husband. On the return day, August 15, 1903, the deputy sheriff filed his return showing that service could not be made upon L. H. Burton, whereupon the plaintiff requested the justice to issue a second summons under the provisions of section 6643, Rev. Codes. The defendants (plaintiffs in this action), who were present in person and by counsel, moved to dissolve the attachment, and later offered to waive any alleged defect in the service. Their motion was denied, and the plaintiff's motion for a second summons was granted, and the case was continued to September 12, 1903, the return day named in the second summons. Prior to the return day, and on August 26, 1903, the defendants in that action instituted the present action in the district court. The complaint, in addition to alleging the facts already enumerated, alleges that the defendant Shanks filed a request with the justice of the peace asking that the trunks and their contents be sold, and the proceeds applied to the satisfaction of his claim; and that "in the meantime the defendants herein threaten to sell plaintiffs' trunks and wearing apparel, * * *

and that plaintiffs have reason to believe and do believe that, if not restrained, said justice of the peace will order said trunks and their contents sold; and plaintiffs are liable to suffer irreparable injury and damage, and have not a good, sufficient and adequate remedy at law in the premises." The relief prayed for is that defendants be restrained from selling said trunks, or offering them for sale, and for costs.

The order appealed from must be reversed. The complaint does not state facts sufficient to constitute a cause of action for equitable relief. A temporary restraining order may be issued upon the plaintiff's application to protect his interests in the litigation pending the determination of the action, when one of the several conditions enumerated in section 5344, Rev. Codes 1899, exist; but it may issue only "when it shall appear by the complaint that the plaintiff is entitled to the relief demanded." This case is controlled, both as to the sufficiency of the complaint and the right to the temporary restraining order, by Forman v. Healey, 11 N. D. 563, 93 N. W. 866. See, also, McClure v. Hunnewell, 13 N. D. 84, 99 N. W. 48. In the case first cited we said that: "The provisional remedy by injunction in this state is of statutory origin, and is granted a plaintiff when necessary to protect his rights pending final determination of the case upon the merits; and this only when the complaint contains averments which, if proven, would entitle plaintiff to the relief demanded, and its issuance is made to appear as necessary to protect plaintiff's rights during the litigation;" citing numerous cases. The complaint in this case, as in the case just referred to, contains no averments which would authorize equitable relief. The most that can be said is that the defendants threaten to convert their property. It is elementary that equity will not interfere to prevent a conversion of personal property save under exceptional circumstances, the remedy at law being usually adequate. No circumstances are alleged in the complaint to take the case from the general rule.

The district court is directed to vacate the order appealed from and also the order granting the temporary injunction. All concur.