McCord v. Akeley, 132 Wis. 195.

McCORD, Respondent, vs. AKELEY and others, Appellants.

*May 4—May 21, 1907.*

*Injunction: Order restraining cutting of timber: Dissolution, and permission to cut, on defendant's giving bond: Judgment: Collateral attack: Rights of pendente lite purchasers: Estoppel.*

In an action against the patentee of land to establish plaintiff's right thereto notice of *lis pendens* was filed and plaintiff obtained an order restraining the patentee from cutting timber. Afterwards it was ordered that the injunctional order be dissolved and that the patentee be at liberty to cut and dispose of the timber on the land upon filing an undertaking in a certain sum to pay plaintiff the value of any such timber so cut or disposed of in case the action should finally be decided in favor of plaintiff. The patentee filed an undertaking accordingly. Plaintiff recovered judgment for transfer of the legal title to him and barring the patentee and all persons claiming under him from claiming any right, title, or interest in the land or the timber growing thereon at the date of the patent or thereafter. In a subsequent action of trespass against persons who purchased the timber from the patentee and cut and removed the same after the dissolution of the injunctional order and before the judgment, it is *held:*

(1) Such purchasers were bound by the judgment in the prior action and cannot attack it in the trespass action.

(2) The dissolution of the injunctional order did not withdraw the timber in any way from the operation of the judgment finally recovered. Neither that order nor the undertaking given thereunder could affect plaintiff's rights in the property.

(3) No estoppel bars the plaintiff from enforcement of his rights against the *pendente lite* purchasers, whose liability for the value of the timber cut and removed by them is fixed by the judgment against their vendor.

TIMLIN, J., dissents.

APPEAL from a judgment of the circuit court for Bayfield county: JOHN K. PARISH, Circuit Judge.  *Affirmed.*

This action was commenced against the present defendants and one John F. Hill to recover damages on account of the cutting of timber from the N. W. ¼ of section 17, township 48 north, range 8 west, in Bayfield county, Wisconsin.  The complaint alleges that defendants *Akeley* and *Sprague,* between July 16 and November 15, 1900, unlawfully, and without the consent of the plaintiff, entered upon the premises described and wrongfully cut and removed therefrom all the white and Norway pine timber, and wrongfully took and manufactured the same; that the value of the premises was reduced by reason of the cutting and removal of the timber in the sum of $15,000; that the manufactured product from the timber has been since of the value of $40,000; that the defendants *William McKinnon* and John F. Hill wrongfully authorized and directed defendants *Akeley* and *Sprague* to cut and manufacture said timber, and wrongfully participated and took part in the cutting and removal of the same; and demands judgment for $40,000.

The defendants answered the complaint, setting up that on the 12th day of January, 1897, there was issued to the said John F. Hill by the officers of the United States the usual patent for the lands described in the complaint, whereby he became the owner in fee simple thereof, and that thereafter he made no conveyance to any person by or under whom the plaintiff claims title, and that Hill, while owner, authorized defendants *McKinnon, Akeley,* and *Sprague* to cut and remove the timber, to whom he sold and conveyed the same, and that the value of the timber cut and removed did not exceed $7,500; that Hill acquired title to the land in good faith and believed his title to be valid; and that the other defendants acted in good faith believing their title under Hill to be valid. The answer further alleges that in an action in the circuit court for Douglas county, in which the plaintiff in this action was plaintiff and said Hill defendant, involving the question

of title to said lands in Hill, the court granted an order to the effect that plaintiff might cut and remove the timber upon giving a bond in the sum of $7,500, and that defendant Hill have the like option to be first exercised at his option, it being agreed between the parties that such bond should stand and operate as the full measure of damages and the full value of the timber in case either party recovered in the case; and that said Hill gave such bond, which was approved and accepted, and thereupon cut and removed the timber.

Afterwards and on November 1, 1900, on plaintiff's motion the action was dismissed as to John F. Hill and the claim for damages reduced to $15,000, and the complaint amended accordingly. Afterwards and at the May term of the circuit court for Bayfield county the action was tried before the court and a jury. The plaintiff put in evidence a patent from the United States for the land in question to said John F. Hill, dated January 12, 1897; also proved the record of a judgment in a case of the plaintiff against said John F. Hill, showing filing of summons and complaint and notice of *lis pendens* on the 15th day of March, 1897, and judgment in said action, which judgment bears date July 10, 1902. This judgment determined that the defendant Hill held the legal title in trust for the plaintiff, and ordered and adjudged that the same be set over and transferred to plaintiff and to his heirs and assigns forever as of the date of the patent, and that the defendant and his heirs and assigns and all persons claiming by, through, or under him be barred from having or claiming any interest, legal or equitable, in said land, and be forever enjoined and restrained from setting up or claiming any right, title, or interest in said land or any interest in any timber standing or growing thereon on January 12, 1897, or at any time thereafter. Plaintiff also offered in evidence *remittiturs* from the supreme court of the state and the supreme court of the United States showing affirmance of this judgment.

Defendants put in evidence conveyance of the timber from

said John F. Hill to defendant *William McKinnon,* dated March 16, 1897, and recorded April 13, 1898; also agreement between defendant *McKinnon* and defendants *Akeley* and *Sprague* for the cutting of the timber on the land in question. Defendants also put in evidence an injunctional order made in the above-mentioned action of plaintiff against Hill, commenced March 15, 1897, which order was made July 22, 1898, and provided:

"It is thereupon ordered that the plaintiff may have seven days from this date to serve an amended complaint herein, on payment to defendant of $10, and the defendant may answer or demur thereto within twenty days after such service. It is further ordered that the injunctional order heretofore made herein restraining defendant from disposing of the said land or the timber thereon be continued until the further order of the court upon condition of the plaintiff filing in this court an undertaking with sufficient sureties, to be approved by the judge of the court, in the sum of seven thousand five hundred dollars ($7,500), within five days from this date, conditioned to pay all damages sustained by defendant by reason of the injunction, in case the court shall finally decide that the plaintiff was not entitled thereto. Provided that the foregoing injunction shall be dissolved and the defendant be at liberty to cut and sell any or all of the timber upon said land, or otherwise dispose of the same as he may see fit, upon filing in this court an undertaking, with sufficient sureties to be approved by the judge of this court, in the sum of seven thousand five hundred dollars ($7,500), conditioned that he will pay the plaintiff the value of any such timber so cut or disposed of by him in case this suit shall finally be decided in favor of the plaintiff."

In pursuance of this order the defendant Hill in said action gave an undertaking signed by himself as principal and by Thomas Kelly and *William McKinnon* as sureties, conditioned that he would pay the plaintiff the value of any timber cut or disposed of by him in case the suit should be decided in favor of the plaintiff, not exceeding the sum of $7,500.

The only question submitted to the jury in the present action was the value of the timber which the evidence shows was cut in 1900. The jury found this to be $10,750 with interest. Judgment was entered upon the verdict in favor of the plaintiff, from which this appeal was taken.

The errors relied upon are in denying defendants' motion for dismissal of the action and in ordering judgment for plaintiff; also in denying defendants' motion to vacate the judgment and for judgment in favor of the defendants, and in denying defendants' motion to vacate the judgment, set aside the verdict, and for new trial.

The cause was submitted for the appellants on a brief signed by *W. F. Bailey,* of counsel, and *W. H. Stafford,* attorney, and for the respondent on the brief of *Luse, Powell & Luse.*

KERWIN, J. The controlling question in this case is the force and effect to be given the *lis pendens* and order dissolving the temporary injunction in the suit of plaintiff against Hill, commenced in March, 1897, the record of which was put in evidence upon the trial of the case before us. The judgment in the former suit against Hill established that the plaintiff was the owner of the land and timber on and after January 12, 1897, and this judgment bound all parties claiming through Hill whose conveyances were not recorded before the filing of the *lis pendens,* March 15, 1897, unless they can in some way escape the effect of sec. 3187, Stats. (1898). It is claimed, however, by appellants that the dissolution of the temporary injunction referred to in the statement of facts, and the provision in the order of dissolution to the effect that defendant Hill might cut and sell the timber on the land upon giving bond that he would pay the value of any timber cut by him in case the suit should be decided in favor of the plaintiff, and the giving of the bond operated to take the timber so cut out of the

control of the court and substitute the bond in its place; that thereafter the bond and the land freed from the timber became the subject of the suit, hence the *lis pendens* was superseded as to the timber. It is further insisted by appellants that defendants, purchasers *pendente lite,* are assumed to have notice of the proceedings, hence are assumed to have notice that the timber was no longer within the subject matter of the suit; that the order and bond had the effect of a relinquishment of all claim to the timber. But the judgment of the court, we think, is a complete answer to the appellants' argument that the *lis pendens* was superseded. It determined and adjudged the title and ownership of plaintiff in the land and timber as of the date of the patent, January 12, 1897, and that Hill and all persons claiming under him be enjoined and restrained from setting up or claiming any right, title, or interest in the lands or any interest in the timber standing or growing on the lands on January 12, 1897, or at any time thereafter. This judgment was strictly within the issues involved in the case and cannot be attacked in this action. Sec. 2882, Stats. (1898); *Trustees of St. Clara F. A. v. Del. Ins. Co.* 93 Wis. 57, 69, 66 N. W. 1140. The present defendants purchased after filing complaint and notice of *lis pendens,* hence were chargeable with and bound by the judgment, at least as to the real estate involved, as effectually as if made parties. Sec. 3187, Stats. (1898); *Brown v. Cohn,* 95 Wis. 90, 93, 69 N. W. 71.

The question which gave us the most trouble in the case is the effect of the order dissolving the temporary injunction and providing that defendant Hill be at liberty to cut and sell the timber upon the land. It is argued by respondent that the injunctional orders, namely, the one obtained by plaintiff when he commenced the former action restraining the defendant, and the order continuing this until the further order of the court, as well as the order providing for dissolution of the temporary injunction on defendant giving bond,

and the undertaking given by defendant Hill to pay for any timber cut by him, were personal to plaintiff and Hill, and in no way bound defendants in this action, but they were bound by the final judgment of the court and not affected by the temporary injunctional orders, and received no right to cut under the order of July 22, 1898, so as to affect the rights of the plaintiff under his judgment according to the demand of his complaint.

There is nothing in the record going to show that the court attempted to remove the property from the operation of the *lis pendens* or the final judgment of the court. The court in the final judgment adjudicated to the contrary and established the plaintiff's right and title to the land and all timber "standing or growing thereon on January 12, 1897, or at any time thereafter." So the record and judgment in the former action of plaintiff against Hill established the plaintiff's right to recover for the timber cut and removed by defendants. Moreover, the office of the temporary injunction dissolving the restraining order against Hill merely left him and those claiming under him at liberty to cut at their peril and remain subject to the final judgment in the action. The temporary injunction issued is for the purpose of preserving the *status quo* pending the litigation. *Valley I. W. Mfg. Co. v. Goodrick,* 103 Wis. 436, 78 N. W. 1096. And the dissolution of the temporary restraining order in no way withdraws the property which is the subject of litigation from the operation of the judgment finally recovered. 1 High, Inj. §§ 2, 5; *Ford v. Plankinton Bank,* 87 Wis. 363, 58 N. W. 766; *Castle v. Madison,* 113 Wis. 346, 89 N. W. 156; 15 Ency. Pl. & Pr. 360; 10 id. 1010, 1011; 1 Freeman, Judgm. (4th ed.) § 325.

Point is made by appellants that the doctrine of estoppel applies to bar the plaintiff's right to enforce the *lis pendens* in favor of his property. But there are no elements of estoppel in the case. The plaintiff was merely pursuing his

legal rights in the prosecution of his action to judgment and seeking to preserve the property pending litigation. He filed his bond to continue the injunction against Hill provided in the order, and the court by order gave Hill the right to have the injunction dissolved upon giving a bond. Plaintiff objected to the amount of the bond, but the court fixed it at $7,500. Hill complied with the order and obtained the dissolution. The fact that the order recited that Hill might cut and sell added nothing to it. He could do this as well without as with these words in the order. The bond was security to the plaintiff, and neither the bond nor the order affected the plaintiff's rights in the property. Plaintiff could not be deprived of his property by the dissolution of the temporary injunction made to preserve the property pending litigation. The final judgment bound Hill and likewise the defendants who were in privity with him in the litigation, and fixed their liability for the value of the property removed by them during the pendency of the action against Hill. *Grunert v. Spalding,* 104 Wis. 197, 218, 80 N. W. 589; *Hart v. Moulton,* 104 Wis. 349, 80 N. W. 599; *Rowell v. Smith,* 123 Wis. 510, 102 N. W. 1.

We think the judgment of the court below was right and should be affirmed.

*By the Court.*—The judgment of the court below is affirmed.

TIMLIN, J. (*dissenting*). The order dissolving the temporary injunction and permitting the defendant Hill "to cut and sell any or all of the timber upon said land or otherwise dispose of the same as he may see fit, upon filing in this court an undertaking with sufficient sureties, to be approved by the judge of this court, in the sum of seven thousand five hundred dollars ($7,500), conditioned," etc., was dated July 22, 1898. The sale of the timber to *Akeley* and *Sprague* under this permission and after the undertaking was given

was on February 13, 1900. The final judgment in the action of *McCord* against Hill was July 10, 1902. The timber was sold, cut, and removed in the meantime.

*Akeley* and *Sprague* are held by the majority opinion as trespassers, and judgment in tort goes against them for $10,700 with four years' interest, because they purchased under this order or permission and took away the timber so purchased. The order dissolving the temporary injunction on this condition was an appealable order, but the plaintiff took no appeal therefrom. The decision holding the purchasers *Akeley* and *Sprague* liable as trespassers for doing that which the court permitted them to do seems to me to be neither good law nor good morals. The attempt is made to justify it because the same court in its final judgment in the same cause has repudiated or ignored its order of July 22, 1898, and the contract obligations growing out of and based upon the same. I think the whole record, including the order of July 22, 1898, the bond given by the defendant thereunder, and the sale, should be considered together with the final decree. The practice of vacating a temporary injunction upon the defendant giving bond is somewhat novel, although it is said the jurisdiction of equity in this respect is fairly well established. 2 High, Inj. (4th ed.) §§ 1497, 1498; *Northern Pac. R. Co. v. St. Paul, M. & M. R. Co.* 4 Fed. 688, and cases in Shepard's Annotations; *Sobey v. Thomas,* 37 Wis. 568. It is said in *State ex rel. Bell v. Houston,* 36 La. Ann. 886, that dissolution of an injunction on bond amounts to authority to do the prohibited act. See, also, *State ex rel. Yale v. Duffel,* 41 La. Ann. 516, 6 South. 512. The time at my disposal will not permit me to thoroughly investigate this question. The nearest analogy in law to this injunction bond which occurs to me is the redelivery bond in replevin. In that action the title to property is in question, but the redelivery bond authorizes the person giving it to sell the property and the purchaser from him gets a

good title. *Stewart v. Wolf* (Pa.) 7 Atl. 165, and cases; *Rockey v. Burkhalter,* 68 Pa. St. 221; *Briggs I. Co. v. North Adams I. Co.* 12 Cush. 114.

MARSHALL, J., took no part.