D. T. GILIMAN, for himself and other Taxpayers, Appellants, v. O. B. TALLEY, County Treasurer et al., Appellees.

**Taxation:** LEVY: ESTIMATES: INJUNCTION. It is the duty of the board of supervisors to levy such a rate of taxation for a school district as will raise approximately the various funds certified to it by the board of education; and where they have in good faith made the levy with that end in view a collection of the tax will not be enjoined because the levy may produce an amount somewhat in excess of that certified, it being impossible to definitely determine the exact amount which will be realized therefrom.

**Same:** COLLECTION OF TAXES: INJUNCTION: DENIAL OF WRIT. The only purpose of a temporary injunction is to maintain the *status quo* until a trial upon the merits can be had, and where the plaintiff has not been diligent in prosecuting an appeal from an order denying a temporary writ, and in securing a trial upon the merits, until by such delay its issuance would be of no purpose, reversal of the ruling denying the writ will not be ordered: as where a temporary injunction was sought to restrain the collection of taxes and through unnecessary delay an appeal from an order denying the same was not submitted, until after the time when the taxes would ordinarily be collected and distributed, it would have no further function to perform and the order denying it will not be reversed.

*Appeal from Woodbury District Court.*—HON. J. F. OLIVER, Judge.

TUESDAY, JANUARY 19, 1909.

THIS is an action in equity for an injunction to re-

strain the defendant, as county treasurer, from the collection of certain taxes levied for school purposes in the independent school district of Sioux City. A temporary injunction was prayed for. A time for hearing the application for temporary injunction was fixed. Upon such hearing the application for such temporary injunction was denied. The plaintiff appeals.—*Affirmed.*

*Charles A. Dickson,* for appellants.

*Strong & Whitney, F. W. Sargent,* and *Marks & Marks,* for appellees.

EVANS, C. J.—Plaintiff is a taxpayer of the independent school district of Sioux City. He brought this action on behalf of himself and other taxpayers similarly situated. The defendant is the county treasurer. The independent school district of Sioux City is also a party to the case as an intervener.

The board of directors of the independent school district of Sioux City, acting under the provisions of section 2806 of the Code, made its estimates of the amount required for school purposes, and caused the same to be certified to the board of supervisors. This estimate was as follows:

| | |
|---|---:|
| For teachers' fund | $110,000 00 |
| For contingent fund | 65,000 00 |
| For school house fund | 85,000 00 |
| | $260,000 00 |

The last item included $60,000, which had been voted by the electors of the independent school district for the purpose of new buildings and for the payment of a judgment against the district.

The board of supervisors, in supposed compliance with section 2807 of the Code, made a levy as follows:

For teachers' fund...........................17 mills.
For contingent fund........................·......10 mills.
For schoolhouse fund........................13 mills.

The assessed valuation of the property of the district for that year was $6,942,437. The rate of levy adopted by the board of supervisors applied to such assessed valuation would create a tax as follows:

For teachers' fund...............17 mills  $118,021 43
For contingent fund..............10  "      69,424 37
For schoolhouse fund.............13  "      90,251 68
                                          ——————————
                                           $277,697 48

This presents an excess over the estimates of $8,021.43 on teachers' fund; $4,424.37 on contingent fund; $5,251.68 on schoolhouse fund.

The contention of appellant is that the board had no authority to levy this excess, and that, because it so transcended its authority, the whole levy was rendered void; and, if the whole levy was not void, at least the excess should be so regarded. Upon the hearing it was proved that in the history of that district the full amount of tax levied on the assessed valuation was never realized in fact. In order to realize a stated amount for expenditures, it was necessary that a larger amount should be provided for in the rate actually levied. This is accounted for in various ways. A certain amount of tax on personal property is lost by the removal of taxpayers after assessment and before the collection of the tax, fifteen months later. Other taxpayers become insolvent. Exemptions are claimed and allowed after assessment. Rebates are claimed and allowed for error in

assessment. As affecting this case, it was admitted on the trial that one error had already come to view which would reduce the amount of the tax as levied by $2,130. It is reasonably certain from the evidence that the amount of the tax which will be actually realized from the levy in question will be several thousand dollars less than $277,000. No data, however, are furnished upon which a close computation can be made.

The first question presented for our determination is one of interpretation of sections 2806 and 2807. Under these sections it is plainly the duty of the board of super-

1. TAXATION: levy: estimates: injunction.

visors to "levy the taxes necessary to raise the various funds" certified to it by the board of directors. To do less would be to fail in its duty. This much appellant concedes. It is also plain from the evidence that it is practically impossible to fix upon a rate of levy which would actually "raise" the exact amount called for by the estimates, and no more nor less. The best that is practicable is to approximate the amounts. If these sections call for the strict interpretation which appellant puts upon them, then the board of supervisors is put in a position, where it must face a failure of duty on the one hand or exercise.an excess of authority on the other. We do not think that such strict interpretation was within the contemplation of the Legislature. Approximation is all that is called for from the board of directors in its estimates, and we think that approximation by the board of supervisors is all that is contemplated by section 2807. Any other construction would put upon the board of supervisors an impracticable and unnecessary burden. This is not saying that the board of supervisors may ignore the estimates, and substitute its own judgment for that of the board of directors. It is its duty under the statute to approximate the levy as closely as is practicable, and it must act in good faith. This view is in accord with the interpretation which has been put upon similar statutes by the courts of other States.

*Smith v. Leavenworth,* 9 Kan. 296; *Board Commissioners Marion County v. Board Com'rs Harvey Co.,* 26 Kan. 181; *Edwards v. People,* 88 Ill. 340; *Alvord v. Collin,* 20 Pick. (Mass.) 418. As expressing a somewhat contrary view, see *Burlington R. R. v. Saunders Co.,* 16 Neb. 123 (19 N. W. 699); *State v. Bentley,* 23 N. J. Law, 532; *Coles v. Platt,* 24 N. J. Law, 108; *State v. Flavell,* 24 N. J. Law, 370. In the New Jersey case of *State v. Bentley,* 23 N. J. Law, 532, about 25 per cent. above the estimate had been added to the levy to cover contingencies. A margin of $17,000 on these three items looks large, and furnishes room for doubt and debate as to whether it did not pass the bounds of approximation; but it is manifest from the evidence that it will be largely reduced in the actual collection of the taxes. There is no question raised that the board has acted in bad faith or with ulterior purpose.

There is, however, another consideration that is quite decisive of the particular result in this case. The levy complained of was made in September, 1906. Plaintiff did not begin his suit until March 18, 1907.

2. SAME: collection of taxes: injunction: denial of writ.

This was after a large part of the tax had been paid by the taxpayers and distributed by the public officers. An application for temporary injunction was refused on March 23, 1907, and it is from such order of the court that this appeal is prosecuted. If we should reverse the order of the lower court, it could not be upon the merits of the case. We could only order a temporary injunction to issue. The only purpose of a temporary injunction is to maintain the *status quo* until the plaintiff could have an opportunity for a trial upon the merits. The plaintiff did not perfect his appeal from such order of the lower court until three months after the same was entered, nor has he ever applied to this court for a staying order, nor was his appeal submitted until June, 1908. It is manifest, therefore, that the plaintiff had

had abundant opportunity for a trial of his case on its merits in the lower court before he submitted to this court his appeal from the order denying him a temporary injunction. If he has not had such trial, we must presume that the taxes in question have been paid in pursuance of the law, and have been distributed by the public officers. In either event a temporary writ of injunction has no further function to perform, and had none when the plaintiff's appeal was submitted to this court. In view of the fact, therefore, that at the time the appeal was taken the final merits of the case remained to be tried in the lower court, and that the evidence would not necessarily be the same as that which appears in this record, we will not assume to decide the case upon its final merits, nor do we care to express further opinion thereon. Upon the whole record, it is plain that the order appealed from must be affirmed whatever our conclusion might be as to the excess of the levy by the board of supervisors.

The order of the lower court is therefore *affirmed*.