STATE vs. WADHAMS OIL COMPANY.

*February 26—March 12, 1912.*

*Criminal law: Injunctional order restraining infringement of alleged invalid statute: Violations during life of order: Subsequent prosecution: Jurisdiction.*

1. The preliminary injunctional order issued in an action to restrain state officials from executing a statute containing penal provisions, on the ground that such statute is unconstitutional, does not exempt the plaintiff from the operation of the law or suspend it as to him, and is no defense to a criminal prosecution of such plaintiff, commenced after a final decision upholding the statute and dissolving the injunctional order, for violations of the law during the time the injunction was in force.

2. The action in such a case to restrain interference with rights and property under an invalid act and hence without authority of law, is an ordinary suit in equity, not prerogative in its character. That a circuit court commissioner had jurisdiction to issue the injunctional order therein is assumed, but not decided.

CERTIFIED from the circuit court for Sheboygan county: MICHAEL KIRWAN, Circuit Judge. *Question answered in the negative.*

· July 31, 1909, the defendant commenced an action in equity to enjoin the state supervisor of inspectors of illuminating oils from executing ch. 363 of the Laws of 1909, known as the oil inspection law. A temporary injunction was issued enjoining the state supervisor and the inspectors from executing the law as against the defendant. A demurrer to the complaint was sustained in circuit court on October 18, 1909, and the temporary injunction was dissolved. On appeal to this court a decision was rendered sustaining the law as constitutional and affirming the orders of the circuit court sustaining the demurrer and dissolving the injunction.

After the decision of this court an information containing numerous counts was filed by the district attorney of Sheboygan county charging the defendant with repeated violations of the oil inspection law during the pendency of the injunction in the equity case. The defendant was found guilty upon twenty-six counts.

The trial court, being in doubt as to whether or not this injunctional order issued in the action by the defendant against the state supervisor of inspectors of illuminating oils constitutes a defense to this prosecution, certifies the following question to this court:

"Is the injunctional order issued by Court Commissioner Ryan in said equity action a defense in this action to the criminal prosecution of the *Wadhams Oil Company* for the violation of said act as charged in said information, for sales of petroleum products made by said company during the pendency of such injunctional order and contrary to the provisions of said act?"

For the plaintiff the cause was submitted on the brief of

the *Attorney General* and *Russell Jackson,* deputy attorney general.

For the defendant the cause was submitted on the briefs of *Marshutz & Hoffman,* attorneys, and *George P. Miller,* of counsel. To the point that the temporary restraining order, being granted by a court of competent jurisdiction, that is, one having jurisdiction of the subject matter and the parties, did in effect suspend the operation of the statute as to the *Wadhams Oil Company* while it was in force, they cited *Louisville & N. R. Co. v. Railroad Comm.* 157 Fed. 944; *Central of Georgia R. Co. v. Railroad Comm.* 161 Fed. 925; *Western R. of Alabama v. Railroad Comm.* 171 Fed. 694; *Ex parte Young,* 209 U. S. 123, 28 Sup. Ct. 441; *Hunter v. Wood,* 209 U. S. 205, 28 Sup. Ct. 472; *Cotting v. Kansas City S. Y. Co.* 183 U. S. 79, 22 Sup. Ct. 30; *In re Neagle,* 135 U. S. 1, 10 Sup. Ct. 658.

SIEBECKER, J. Assuming, without deciding, that, upon the ground that the oil inspection law (Laws of 1909, ch. 363) was an invalid act, the circuit court commissioner had jurisdiction to make the injunctional order in the action brought by the defendant against Edward L. Tracy as state supervisor of inspectors of illuminating oils and thereby to enjoin him from enforcing the provisions of the law providing for such inspection against the defendant and from interfering with the conduct of its business in selling such oils without having had them inspected, we then have the question presented: Is this order a defense to the prosecution of the defendant criminally for violations of this law through sales made by it of oils not inspected as required by such law during the pendency of such injunctional order, since the law was challenged as invalid legislation in the action wherein the restraining order was made?

The contention of the defendant is that the defendant is protected against the incurring of the penalties for selling

oils contrary to the mandate of the law during the pendency of such preliminary order. The injunctional order here involved restrained the oil inspectors from inspecting plaintiff's oils and from instituting civil and criminal suits during its pendency. The order was unquestionably made upon the ground that the court had jurisdiction within its equity powers to enjoin such prosecutions in order to protect the plaintiff's property rights and because it deemed that such rights would be imperiled by the execution of a void statute through wrongfully subjecting the plaintiff to a multitude of civil and criminal suits and through harassing it to an extent that would amount to a deprivation of the right which entitles every person to a certain remedy in the law for the redress of injuries he may receive in his person or property. *Milwaukee E. R. & L. Co. v. Bradley,* 108 Wis. 467, 84 N. W. 870; *Joseph Schlitz B. Co. v. Superior,* 117 Wis. 297, 93 N. W. 1120.

The argument is made that whatever protection the defendant would have under such an order, had the law been unconstitutional, must be given it during the pendency of the order, though it was finally adjudged that the legislative act was constitutional, and that it must result from this that the defendant, by force of the preliminary order, was exempted from the operation of the statute during the pendency of the order. This gives an effect to such a preliminary restraining order wholly beyond its purpose and function. It is well recognized that such orders have been used and employed to maintain the *status quo* of the rights of parties and thus protect persons against irreparable injuries in the law. Its legal object is to preserve a person's property or rights in controversy until a final adjudication is reached upon the merits of the controversy, but it does not in a legal sense conclude the rights of the parties. The very nature of the remedy suggests that it can have no other effect than to maintain the existing status of a party's personal and property rights until a

court can finally adjudge whether they would be imperiled. The effect thereof is not to exempt a person from the operation of the law or to suspend it as to him. It does no more than postpone the enforcement of the law until the rights of the persons under the law are declared by a final judgment of a court exercising jurisdiction in the matter. As declared in *Consolidated V. Works v. Brew,* 112 Wis. 610, 88 N. W. 603:

"The proper function of such an order (at least in ordinary cases) is simply to restrain the commission of some act or acts during the progress of the litigation, or, as otherwise expressed, to maintain the *status quo.*"

See, also, *Milwaukee E. R. & L. Co. v. Bradley,* 108 Wis. 467, 84 N. W. 870; *McCord v. Akeley,* 132 Wis. 195, 111 N. W. 1100; *L. L. & G. R. Co. v. Clemmans,* 14 Kan. 82; *Audenried v. P. & R. R. Co.* 68 Pa. St. 370.

It necessarily follows that the defendant was subject to the legislative act during the pendency of the preliminary restraining order and during this time it acted at its peril in committing any act violating its provisions, if the act should finally be adjudged to be a valid legislative enactment. It therefore follows that the preliminary injunctional order in the equity action is no defense in this criminal prosecution against the defendant for violations of the law, as alleged in the information filed herein, for sales of petroleum products made by it during the pendency of such injunctional order.

References in defendant's brief to the litigation embraced in the equitable action brought by it against the supervisor of inspectors of illuminating oils as a prerogative cause are erroneous. The action was manifestly an ordinary suit in equity to restrain interference with rights and property under an invalid act and hence without authority of law. *Income Tax Cases,* 148 Wis. 456, 134 N. W. 673.

The question submitted under the report of the case to this court pursuant to sec. 4721, Stats. (1898), must be answered in the negative.

*By the Court.*—The question reported is answered No.