NELS LINDLAUGH, Andrew Bengston, A. E. Witt, William Pfaff, and R. O. Johnson, Voters and Taxpayers of Grassland School District No. 14, of Renville County, North Dakota, Appellants, v. GRASSLAND SCHOOL DISTRICT NO. 14, and James King, Mrs. William Pfaff, and Jesse Hederick, as the School Board of said School District, and M. L. Parsons, as the Clerk of the School Board of said School District, Respondents.

(214 N. W. 802.)

**Schools and School Districts — consolidation of schools — compliance with statute.**

For reasons stated in the opinion it is held that the questions involved on this appeal have become moot, and hence the appeal is dismissed.

Opinion filed July 9, 1927.

Appeal and Error, 4 C. J. § 2383 p. 575 n. 80.

Appeal from the District Court of Renville County, *Burr,* J. Plaintiffs appeal from an order dissolving a temporary injunction.

Appeal dismissed.

*C. D. Aaker,* for appellants.

*George I. Rodsater,* for respondents.

PER CURIAM. Plaintiff brought this action to enjoin the defendants from selling or disposing of a certain schoolhouse situated in the platted town of Greene in Renville county in this state, and to enjoin the defendants from proceeding with the consolidation of schools in said school district by virtue of an alleged election therein. The basis of the action is that such election was void on account of certain irregularities therein. Upon motion of the plaintiff, a temporary injunction was issued, which later was set aside and plaintiff has appealed from the order dissolving the temporary injunction. The record discloses, however, that subsequently the trial court, upon application of the plaintiff, entered an order maintaining in full force the restraining order during the pendency of the appeal upon appellants' furnishing a bond in a certain amount fixed by the court where bond was furnished.

Hence, the record shows that the schoolhouse in question has not been sold, nor has a consolidation been effected.

The schoolhouse in question is located within the town or village of Greene. Greene is a platted town or village upon the line of the Minneapolis, St. Paul, & Sault Ste. Marie Railway Company, and a depot is maintained therein.

The situation thus presented renders it unnecessary for this court to determine the legality of the alleged election or any of the questions presented on this appeal; for the facts in the case bring it squarely within chapter 242, Laws 1927, which reads:

"Section 1. No school situated in or near, and serving a platted or unplatted town or incorporated village located upon any railroad which has regular train and mail service, and in which said Railway Company keep open and maintains a depot· for freight and passenger traffic, shall be closed by reason of and notwithstanding any past or future consolidation of the schools in the school district containing said town or village, unless consent thereto be given to such closing, by the written consent of the fathers, or in case of the death or the non-residence of the father, the mothers of not less than seventy-five per cent of the children of school age residing in or near said town or village, and usually attending such town or village school, providing that the term 'father' and 'mother' as herein used shall include foster parents or others having the care, custody and control of such children.

"Section 2. All acts or parts of acts in conflict herewith are hereby repealed."

It follows that the proposed consolidation of schools involved in this case cannot be carried into effect notwithstanding the election, unless and until there is a compliance with this statute. The questions involved in this action therefor are moot and it is ordered that the action and appeal be dismissed without costs to either party.

BIRDZELL, Ch. J., and CHRISTIANSON, BURKE, and NUESSLE, JJ., concur.

BURR, J., did not participate, being disqualified.