[File No. 7193]

REX BRACE, Respondent, v. STEELE COUNTY, NORTH DAKOTA, a Municipal Corporation, Appellant.

(42 NW2d 672)

Opinion filed March 23, 1950. Rehearing denied May 31, 1950

*Wallace E. Warner,* Attorney General, *P. O. Sathre, C. E. Brace,* Assistant Attorneys General, and *Albert C. Bakken,* State's Attorney of Steele County, for appellant.

*Roy K. Redetzke,* for respondent.

CHRISTIANSON, J.   The plaintiff brought this action to enjoin the defendant county from obstructing a natural waterway and drain and thereby flooding and injuring certain lands owned by the plaintiff.   The obstruction complained of consisted of a

certain graded highway which it is alleged obstructed the flow of water, and resulted in the flooding of the lands owned by the plaintiff.

The action was instituted by summons dated May 6, 1949. The complaint in the action was verified by the plaintiff on the same day and on that same day the plaintiff made an affidavit in support of an application for a temporary injunction. Thereafter the summons, the verified complaint, and plaintiff's affidavit were submitted to the judge of the said district court in support of an application for a temporary injunction and the judge issued an order citing the defendant to show cause before the said court at a place stated in such order on June 1, 1949, at 2 o'clock P.M. of that day, why the defendant, its officers, servants, agents and employees should not be enjoined during the pendency of the action or until the further order of the court from obstructing the natural watercourse and drainway mentioned in the complaint and why the obstruction so located and maintained by said defendant, its officers, servants, agents, and employees on and across said natural watercourse and drainway should not be removed therefrom until the further order of the court; and, which said order to show cause further provided that until the further order of the court the defendant, its officers, servants, agents, and employees be restrained and enjoined from in any way obstructing the free flowage of water in said watercourse and that any obstruction there constructed and maintained by said defendant, its officers, servants, agents, and employees be forthwith removed from said watercourse and drain.

The summons, complaint, affidavit, and order to show cause were duly served upon the defendant county by service upon the chairman of the board of county commissioners of the county on May 13, 1949. The defendant interposed a general demurrer to the complaint, which demurrer was served upon the attorney for the plaintiff on May 27, 1949. At the time and place specified in the order to show cause the plaintiff appeared by his counsel and the defendant appeared by its counsel and made and filed a return to the order to show cause. Such return set forth certain objections to the order to show cause and prayed that the order to show cause be vacated and set aside. The

return was verified by one of the attorneys for the defendant. On October 20, 1949, the trial court made the following memorandum decision:

"This matter comes before the court on an order to show cause why a temporary restraining order issued by the court on May 9th, 1949, should not be continued during the pendency of the action.

"It appears from plaintiff's complaint and affidavit upon which the order was originally issued that defendant is obstructing a natural watercourse draining a considerable section of land lying immediately south of a road built and maintained by the defendant.

"Plaintiff was not required to post security upon the issuance of the temporary order. Plaintiff should, therefore, post a personal bond with the clerk of this court in the sum of one thousand (1,000) dollars to indemnify the defendant as provided by section 32–0605 NDRC 1943.

"Upon such bond being posted this court will make its order continuing the temporary restraining order during the pendency of this action restraining defendant, its officers, servants, agents and employees from in any manner obstructing the natural watercourse and drainway located over, upon, and across the lands of the plaintiff, described in plaintiff's complaint, as being a watercourse and drain located and extending diagonally across the W$\frac{1}{2}$ of Section 12, Township 144 North, Range 55 West, in Steele County, North Dakota, in a northeasterly direction and also extending across the northwest portion of the east half of said section, and against maintaining any obstruction in, on and across said natural watercourse and drainway, and that said defendant, its officers, servants, agents and employees be restrained and enjoined from in any way obstructing the natural and free flowage of water in said described watercourse.

"That the above entitled action be disposed of by trial of the merits at the first term of court in said county following the issuance of this order."

On that same day the trial court made an order granting a temporary injunction. Such order recited that the matter

came on to be heard before the court at the time specified in the order to show cause, that the parties appeared by their respective attorneys and that the court being fully advised in the premises and having read the files, record, and papers in the action, "and good cause appearing therefor" ordered that during the pendency of the action or until the court shall otherwise order the temporary injunction theretofore made by the court bearing date May 9, 1949, be continued in full force and effect upon plaintiff's filing with the clerk of the district court a prescribed bond, which bond was thereafter filed. The defendant has appealed to this court from the order made October 20, 1949, granting the temporary injunction.

The obstruction of which the plaintiff complained and which he alleged blocked and obstructed the natural and free drainage of water in the watercourse and drainway as the same flows across plaintiff's land and caused plaintiff's lands to be flooded and damaged consisted of a certain highway grade constructed across the watercourse. The contention was that the highway as constructed obstructed and blocked the watercourse and drainway and caused water to accumulate and flood plaintiff's lands, and that no adequate culverts or bridges had been constructed so that the water could flow in the watercourse and drainway. In a former action brought by the State against the plaintiff Brace (State v. Brace, 76 ND 314, 36 NW2d 330) seeking to condemn much if not all of the lands involved in this action for a Wild Life Refuge this court referred to the highway and the culverts provided for the passage of the water under the highway as follows:

"A highway was later constructed along the section line extending eastward from the northeast corner of Section 12. A grade was filled in across a low marshy swale through which the drainage ditch had been dug. This resulted in filling in and blocking the ditch. Culverts were installed in the grade above the ground level and some distance above the bottom of the grade. This resulted in not only obstructing the flow of the drainage ditch but also to some extent the natural over-flow of water out of Fuller's Lake across the lowland to the northeast."

In the concluding paragraph in appellant's brief on this appeal it is said:

"The county commissioners have, during the past summer, reconstructed the highway grade along the north side of plaintiff's land and had culverts installed adequate to carry the drainage of the watercourse described in plaintiff's complaint, and such culverts are at least as low as the bottom of the natural drainage of the area involved herein.

"Therefore, there is no purpose to be subserved by the injunction involved herein. Consequently, defendants urge that the order appealed from was improperly made and such order should be vacated and set aside."

In respondent's brief on this appeal reference is made to the foregoing statement in appellant's brief and it is said that if culverts have been constructed which are adequate to carry the water that "then this appeal is moot" and "there remains then, no question for this court to determine as there has been a full and complete compliance with the defendant by the Order of the Court and the obstruction has been removed. It is, therefore, submitted that the appeal should be dismissed because the questions involved herein are moot. If, however, such questions are not now moot, then the order of the District Court appealed from should be affirmed so that there will be no recurrence of the condition which previously existed upon the plaintiff's lands by the acts of the defendant."

On the oral argument in this court the parties were represented by the same counsel who represented them in the court below and on such argument counsel for the respondent stated that his client, the plaintiff, has informed him that the defendant has constructed adequate culverts and that the obstruction in the watercourse formerly existing and which prevented the free flowage of water and drainage has been removed and that the purpose sought to be served by the action and the temporary injunctional order has been accomplished. But he suggested that the injunctional order should be continued in force so as to prevent any recurrence of acts by the defendant which would result in obstruction of the watercourse.

It appears, therefore, that the defendant has complied with

the order appealed from and that the conditions which the plaintiff alleged existed, and which constituted the basis for his application for the injunctional order, have ceased to exist. In an action for injunctive relief a temporary injunction may be granted to the plaintiff to restrain the defendant from the commission or continuance of some act against which the injunctive relief is sought pending the final determination of the case on the merits, when it is necessary to protect the rights of the plaintiff during the litigation. NDRC 1943, Sec. 32–0602; Burton v. Walker et al., 13 ND 149, 100 NW 257. Where the reasons for granting the temporary injunction have ceased to exist and it is not likely that the acts which the injunction sought to prohibit will be renewed the preliminary injunction should be dissolved. 32 CJ 405; 43 CJS 982; 2 High on Injunctions, 4th Ed., Sec. 1495, pp 1492–1493. An injunction will not "be maintained when it is manifest that its continuance would be useless." 2 High on Injunctions, 4th Ed., Sec. 1495, pp 1492–1493.

"A preliminary injunction will be dissolved when the reasons for granting it have ceased to exist and it can no longer serve any useful purpose; and this is so, although the injunction will do no harm to defendant. So, where acts have been discontinued, against which injunction is sought, and there is no evidence of any intention to renew them, the injunction will not be continued." 43 CJS p 982, Sec 242.

It is well settled that ordinarily an appeal will be dismissed if the question presented by it has become moot or academic or if without any fault of the appellee an event has occurred which makes a determination of it unnecessary. 3 Am Juris Appeal and Error, p 309; 4 CJ 575; 4 CJS 1945; In re Kaeppler, 7 ND 307, 75 NW 253; Thompson v. Vold, 38 ND 569, 165 NW 1076; Mills v. Green, 159 US 651, 40 L ed 293; Heinemeyer et al. v. Mercer County, 52 ND 720, 204 NW 182; Lindlaugh v. Grassland School District, 55 ND 515, 214 NW 802; State ex rel. Anderson v. Sieg, 63 ND 724, 249 NW 714; Dakota Coal Co. v. Fraser, 267 F 130; Dickson v. Lord et al., 58 SD 643, 238 NW 21; California v. San Pablo etc. Co., 149 US 314, 37 L ed 747; Stamper et al. v. Alice State Bank & Trust Co., Tex CA, 198 SW 604; U. S. v. Hamburg-Amerikanische Co., 239 US 466,

60 L ed 387; Heitmuller v. Stokes, 256 US 359, 65 L ed 991. And generally compliance with a judgment or order necessitates a dismissal of the appeal therefrom. 4 CJ 579, Sec 2388; 4 CJS 1955; Heinemeyer et al. v. Mercer County, supra.

Under the facts as frankly conceded by counsel in open court (California v. San Pablo etc. Co., supra) the defendant has fully complied with the provisions of the order appealed from, the reasons for granting the temporary injunction have ceased to exist, and there exists no valid reason for continuing in force the temporary injunction as the relief sought to be obtained thereby has been obtained and there is no reason to anticipate that the acts which the plaintiff sought to have prohibited will be renewed. While the appeal has become moot it does not necessarily follow that it should be dismissed as has been suggested by plaintiff's counsel. While in the circumstances there are no issues on the merits of the appeal to decide, there yet "remains to be determined what our order should be with reference" to the order appealed from, and while "our conclusion on such subject must be reached without at all considering the merits" of the appeal "we are at liberty to make such order as is 'most consonant to justice, in view of the conditions and circumstances of the case.'" U. S. v. Hamburg-Amerikanische Co., supra; Heitmuller v. Stokes, supra. A dismissal of the appeal would affirm the order and continue the temporary injunction in force although under the admitted facts the reasons for granting it have ceased to exist and it can no longer serve any useful purpose. In the circumstances of the case we think that the appeal should not be dismissed but that the cause should be remanded to the trial court with directions to dissolve the temporary injunction and dismiss the proceedings instituted by the order to show cause. Cullen et al. v. Ellis County Levee Imp. Dist. No. 3, Tex CA, 77 SW2d 310; Simmons v. Board of Education, 61 ND 212, 237 NW 700; U. S. v. Hamburg-Amerikanische Co., supra; Heitmuller v. Stokes, supra; 2 Ency., Pl. & Pr., p 344, Note 3.

It is, therefore, ordered that the case be remanded to the district court with directions to dissolve the temporary injunc-

tional order from which the appeal was taken and dismiss the proceedings instituted by the order to show cause.

NUESSLE, C. J., MORRIS, BURKE and GRIMSON, JJ., concur.

On Petition for Rehearing

CHRISTIANSON, J. Plaintiff has petitioned for a rehearing. The first sentence in the petition for rehearing reads as follows: "In the opinion rendered by this court in the above entitled proceeding, the court assumed that the basis for the suit brought by the plaintiff no longer exists and therefore remanded the case to the District Court with instructions to dismiss the main action." Plaintiff is in error. This court did not remand the case to the district court with instructions to dismiss the main action.

The appeal was from an order continuing a temporary injunction and the opinion rendered by this court was limited to the order from which the appeal had been taken. The purpose of a temporary injunction is to preserve the status quo of the subject matter of the suit and protect the rights of the plaintiff "pending final determination of the case upon the merits." Burton v. Walker et al., 13 ND 149, 100 NW 257; Giliman et al. v. Talley et al., 140 Ia 718, 119 NW 144; Van Horn v. City of Des Moines et al., 192 Ia 1313, 186 NW 193; State v. Wadhams Oil Co., 149 Wis 58, 134 NW 1121, 40 LRA NS 607; NDRC 1943, Secs. 32-0602, 32-0603.

The former opinion on this appeal did not make or purport to make any determination of the merits of plaintiff's cause of action nor did it "carry any implication of a determination of any question affecting the merits." It was "not an adjudication on the merits, and is not conclusive of any question affecting the merits in subsequent proceedings in the suit or another suit involving the same cause of action." Roller v. Murray, 71 W Va 161, 76 SE 172, LRA1915F 984, Ann Cas 1914B 1139; Beech v. U. S. Fidelity & G. Co., 54 Idaho 255, 30 Pac2d 1079, 92 ALR 264. "It is well recognized," said the Supreme Court of Wisconsin (State v. Wadhams Oil Co., supra),

"that such orders (temporary injunctions) have been used and employed to maintain the *status quo* of the rights of parties, and thus protect persons against irreparable injuries in the law. Its legal object is to preserve a person's property or rights in controversy, until a final adjudication is reached upon the merits of the controversy; but it does not, in a legal sense, conclude the rights of the parties."

The opinion rendered in this case relates to the appeal from the temporary injunction and to that alone. No determination is made of the merits of the main action, and the issues in such action remain undetermined. See Giliman et al. v. Talley et al., supra; State v. Wadhams Oil Co., supra; Roller v. Murray, supra. See, also State ex rel. Lemke v. District Court, 49 ND 27, 45, 186 NW 381, 388. In the concluding paragraph of the opinion we say: "It is therefore ordered that the case be remanded to the district court with directions to dissolve the temporary injunctional order from which the appeal was taken and dismiss the proceedings instituted by the order to show cause."

In the opinion reference is made to statements made by respondent's counsel on the oral argument, relating to the then status of the watercourse and to steps taken by the defendant to remove the obstruction which the plaintiff claimed prevented the free flowage of water therein. With respect to such statements it is said in the petition for rehearing that it is the distinct recollection of plaintiff's counsel "that at the time of the argument of the appeal, it was stated to the court that the plaintiff had advised his attorney that a culvert had been constructed on the highway during the summer or fall of 1949 after the issuance of the temporary restraining order herein, and that as a result of the construction of said culvert, the shallow waters of so-called Fuller's Lake had been drained from the lands of the plaintiff." That "it was not the intention of the undersigned to convey the impression to the court that the culvert installed was adequate to permit the free flowage of the water in the drain at all times." That "the adequacy of the culvert to permit free flowage at all times could not and was not admitted by the plaintiff, because the plaintiff had not had an

opportunity to observe the adequacy or inadequacy of the drainage provided for by the culvert except as to the drainage of the shallow waters in the lake. The troublesome problem of spring runoffs and the drainage of water resulting from heavy rains are as yet still undetermined." In the petition for rehearing it is also said: "As of the time of the hearing of the appeal before this court, one fact was determined and admitted:—The water on the lands of the plaintiff as of last summer and fall was drained off." But "whether or not the culvert will handle the full drainage resulting from spring runoffs and rains is another entirely different question."

In the complaint it is alleged that the plaintiff is the owner of a section of land in Steele County which is described in the complaint. According to the plaintiff's complaint the origin and nature of the obstruction in the watercourse of which plaintiff complains was as follows: "That all on about the year 1935, the above named defendant constructed a public highway along the North section line of said section, and said highway runs in an East and West direction. That said highway was so constructed as to cross natural drainway and watercourse as above described, and was constructed so as to block and obstruct the natural and free drainage of water in said watercourse and drainway, and particularly the free and natural drainage of water in watercourse and drainway as the same flows across the said plaintiff's land above described. That said highway above described was so constructed by said defendant as herein set forth, and said highway is still being maintained and so located by said defendant. That as a result of the construction of said highway . . . and by reason of its continued maintenance by the said defendant" the water flowing in said watercourse "has been caused to be dammed and blocked by said highway" and to overflow the natural banks of the watercourse and flood portions of plaintiff's land.

In respondent's brief on this appeal it is said:

"It is the contention of plaintiff and respondent that the only purpose of the action is to eliminate an obstruction of a watercourse lying on the defendant's land, said watercourse being maintained by the defendant. This obstruction is in the form

of a public highway constructed along the north boundary of the plaintiff's land, which said highway does not have installed therein adequate drainage facilities in the form of culverts. Obviously, under the circumstances, the obstruction can be removed by the mere installation of culverts so as to provide for the proper drainage of the water in the watercourse. This does not necessitate the complete elimination of the highway or the highway improvement. As a matter of fact on the last page of appellant's brief, the information is given to this court that such adequate drainage has been provided for in the form of culverts without the complete elimination of the highway or the highway improvement."

The order that was issued in this case was not merely prohibitory, it was also mandatory. It restrained and enjoined the defendant county, its officers, servants, agents, and employees, until the further order of the court, from in any way obstructing the natural and free flowage of water in the watercourse and further provided that any obstruction now constructed and maintained by the defendant Steele County, its officers, servants, agents, and employees, be forthwith removed from said watercourse and drain.

We have this situation, therefore, as shown by the complaint and the statements in respondent's brief and petition for rehearing. The obstruction in the watercourse which the plaintiff sought to have the defendant county enjoined from maintaining and compelled to remove consisted of a public highway constructed by the defendant county on or about 1935. "The obstruction could be removed by the mere installation of culverts so as to provide for the proper drainage of water in the watercourse." "During the summer or fall of 1939 after the issuance of the temporary restraining order herein" the defendant county constructed a culvert; "that as a result of the construction of said culvert the shallow waters of so-called Fuller's Lake had been drained from the lands of the plaintiff," and that "as of the time of the hearing of the appeal before this court, one fact was determined and admitted:—The water on the lands of the plaintiff as of last summer and fall was drained off." These facts and circumstances are wholly in accord with

the conclusion reached in the opinion rendered in this case that the defendant has complied with the order appealed from and that the conditions alleged to exist and requiring the issuance of a temporary injunction have ceased to be and the appeal has become moot; that there is no reasonable likelihood that there will be any further act on the part of the defendant county to obstruct the watercourse during the pendency of the action, Rosenthal et al. v. Shepherd Broadcasting Service, Inc., 299 Mass 286, 12 NE2d 819, 114 ALR 1502, and that in view of the conditions and circumstances of the case the appeal should not be dismissed but the case should be remanded to the trial court with directions to dissolve the temporary injunction and dismiss the proceedings instituted by the order to show cause.

As has been pointed out, we are concerned alone with the temporary injunction, and what was said in the opinion rendered in this case and what has been said in this opinion relate only to the temporary injunction. The main action is not before us and we express no opinion with respect to the merits of such action or any question that may be involved upon the trial and determination thereof. Rehearing denied.

NUESSLE, C. J., MORRIS, BURKE and GRIMSON, JJ., concur.