MARK WOOD, Appellee, v. JOHN W. IRVING, Appellant.

Real property: CONTRACTS: RIGHT OF POSSESSION. The holder of the legal title is presumptively entitled to the immediate possession of the property; and an executory contract of sale does not of necessity carry with it the right of the purchaser to the possession. The contract in the instant case consisting of the correspondence between the parties, even though creating some interest in the purchaser, gave him no right to possession before performance of the contract; as there was no implied credit, or delay in performance, and the correspondence does not contemplate delivery of possession sooner.

*Appeal from Greene District Court.*—HON. M. E. HUTCHIN-SON, Judge.

SATURDAY, APRIL 12, 1913.

THIS is an action for possession of certain town lots in the city of Jefferson; the plaintiff alleging that he was the absolute owner thereof in fee simple and as such entitled to the immediate possession. The defendant averred that he was the equitable owner of the lots and had the possession thereof as such, and that the plaintiff had notice of his equity before purchase. At the close of the evidence there was a directed verdict for the plaintiff. The defendant appeals.— *Affirmed.*

*J. A. Gallaher* and *J. F. Gallup*, for appellant.

*Wilson & Albert*, for appellee.

EVANS, J.—The plaintiff has the legal title to the property in controversy, and is presumptively entitled to the immediate possession thereof. The defendant set up by way of defense an alleged written contract in the form of correspondence between himself and one H. J. Worsley, who was the owner of the lots in 1907. Whatever rights the defendant has arise solely out of this correspondence; there being no other negotiation, either oral or written, between him and Worsley. The correspondence was as follows:

Jefferson, Iowa, Sept. 18, 1907.
Mr. H. J. Worsley, Scranton, Iowa—Dear Sir: I offer a bunch of lots on corner two blocks south of your lots and $750.00 cash for your eight lots across alley from me and would like to know if trade can be made soon, as I want to fence my lots if I keep them. Your lots here are handy for me to use is the reason I want them. My lots are well located and worth $800.00 to $1,000.00 and would sell easily. · Let me hear from you. Very respectfully,          John W. Irving.

Scranton, Iowa, 9—21, 1907.

John W. Irving—Dear Sir: I received a letter from you last Thursday concerning a trade of lots. As I had to go to Jefferson on Friday a. m. I inquired about you and found that you were a rural route man. And as I had to get home on the noon train it was impossible for me to see you. However, I got the location of your lots and went out and looked at them and called at your residence, but found no one at home. But I figured the trade this way: You have four small lots out there. They are very nice lots, but far out in the country. I will consider a trade with you, my eight lots for your four for a $1,000.00 and I think that is a very fair trade for both of us. I don't know what your lots are worth, but think located where they are that $800.00 to $1,000.00 is a little too high or mine too low. I have refused $1,600.00 cash for my eight lots and think that they are cheap at $1,800.00. If you consider this offer any good, let me hear from you or see you.          Yours,

H. J. Worsley.


Jefferson, Iowa, Sept. 24, 1907.

Mr. H. J. Worsley, Scranton, Iowa—Dear Sir: I accept your offer and enclose $50.00 bal. of $950.00 to be paid when deeds are exchanged.          Yours respectfully,

John W. Irving.


Jefferson, Iowa, 10—18—07.

Mr. H. J. Worsley, Scranton, Iowa—Dear Sir: I have no abstract of my lots here and was not expecting to be to any expense for one on this deal as I come to your price and terms and of course was not expecting any.

Yours respectfully,          John W. Irving.


Oct. 25, 1907.

H. J. Worsley, Scranton, Iowa—Dear Sir: As stated before I do not care for extra expense, not having an abstract of lots. You can send warranty deed consideration $800.00 or as you like to bank here, or I will deposit money and deed in bank to your order.          Respectfully,

John W. Irving.

Nothing further was ever done between the parties, except that the defendant, on his own motion, took possession of the lots the following summer by raising potatoes thereon. They were unimproved and uninclosed. Nothing was expended upon them by defendant, either for improvements or taxes. The defendant never performed the proposed contract, nor offered to perform the same. Neither did he ever deposit any deed or money, as proposed by his letter of October 25th. It is made to appear also that shortly after the correspondence he lost title to the lots which he proposed to convey by foreclosure sale under mortgage, which had taken place in the previous April, and from which he never redeemed. His contention is that the correspondence above set forth constituted a consummated sale of the property, and that he became thereby the equitable owner, and that such contract was never rescinded, forfeited, nor foreclosed. His alleged contract is pleaded as defensive only. He asks no affirmative relief, equitable or otherwise. We have no occasion, therefore to consider the question whether the defendant has any enforceable right under the alleged contract. The only question involved here is whether the alleged contract entitled the defendant to the immediate possession of the property in advance of performance, as against the other contracting party, the legal owner. We have frequently held that an executory contract for the sale of real estate does not, of legal necessity, carry with it the right of immediate possession to the purchaser. *Marks v. McGookin,* 127 Iowa, 716; *Iowa Railroad Land Co. v. Boyle,* 154 Iowa, 249; *Sheehey v. Scott,* 128 Iowa, 551; *Sawyer v. Brosart,* 67 Iowa, 678; *Bundy v. Dare,* 62 Iowa, 295.

It is not claimed by the defendant that the alleged written contract shown by the correspondence contained any express provision for possession to the defendant, but it is urged that the terms of the correspondence were such as to imply a present, accomplished sale and a right of immediate possession. We think it clear that the correspondence implied no

credit and contemplated no delay of performance. We think it equally clear that it contemplated no surrender of dominion or possession by Worsley until performed. Even though it be assumed that the defendant has some right under his contract, it is not a right of possession of the property. No other right is involved in this action.

The trial court properly directed a verdict to the plaintiff, and its order is therefore *Affirmed.*