## THE STATE OF NORTH DAKOTA EX REL. ANDREW MILLER, Attorney General of State of North Dakota v. CHARLES H. ALBERTSON et al.

### (141 N. W. 478.)

**Judgment of dismissal — supplemental complaint — motion for leave to file —moot question — appeal.**

After entry of judgment dismissing an action, the question of the action of the trial court in denying a motion for leave to file and serve a supplemental complaint, made prior to entry of judgment, becomes a moot question, and this court will not determine an appeal from such order.

Opinion filed April 25, 1913.

Appeal from an order of the District Court for Burleigh County, *Winchester, J.*

Dismissed.

*Andrew Miller,* Attorney General, *C. L. Young, W. P. Costello, F. C. Heffron,* Assistant Attorneys General, for appellant.

*Newton & Dullam,* for respondent.

SPALDING, Ch. J.   This action was brought by the state on the relation of the attorney general to abate a liquor nuisance alleged to be maintained in the city of Bismarck. It was commenced on the 20th of April, 1910, by service of summons, complaint, and injunction, upon the defendants, all of whom defaulted. In October of that year proof was made, but before the judgment was entered, defendant Griffin, the owner of the premises affected, secured an order setting aside the default as to him, and permitting him to answer. This order was en-

tered November 16, 1910. The case went upon the December, 1911, calendar of the court, but by reason of the absence of defendant Griffin, it was taken from that calendar to be tried on notice of ten days by either party.

In August, 1912, the state applied for leave to file a supplemental and amended complaint, for the purpose of alleging the continuance of the nuisance down to that date. September 11, 1912, the court entered an order denying plaintiff's application. On the same day an appeal was duly taken by the state from such order. Judgment was also entered, dismissing the action.

In view of the judgment it is apparent that neither an affirmance nor reversal of the order appealed from could have any effect upon the judgment,—that without a reversal of the judgment the reversal of the order would avail the state nothing. The judgment would still remain in full force, and hence any decision of this appeal would be merely the determination of a moot question. That courts will not pass upon questions which are purely moot is elementary; and we need not discuss the matter, as a mere statement of the facts and principle is sufficient.

The appeal is dismissed, but without prejudice to a review of the order appealed from on appeal from the judgment, should such appeal be perfected.