SCHOOL DISTRICT NO. 94, a Corporation, v. C. M. THOMPSON, Frank T. Rice, David B. Shaw, Louis Stein, George W. Kelly, Constituting the Board of Education of the Village of Tower City, North Dakota, and Addison Leach, County Auditor of Cass County, North Dakota.

(146 N. W. 727.)

**Special school district — officers — annexation of territory — injunction — indebtedness — debt limit — constitution — issues for trial — petitioners — residents — school voters of territory.**

1. Plaintiff seeks to perpetually enjoin defendants, as officers of a special school district, from annexing certain adjacent territory to such district for school purposes, under § 133, chap. 266, Laws of 1911, alleging as grounds for such relief that the special district had unlawfully incurred an indebtedness exceeding the constitutional debt limit, and also that the petition for such annexation was not signed by qualified school voters in such adjacent territory.

*Held,* that the first ground alleged is of no avail, it being wholly immaterial under such statute.

Note.—On the question who may petition in relation to school matters, see note in 43 L.R.A.(N.S.) 293.

*Held,* further, that the sole issue for trial under the pleadings is whether the signers of the petition were in fact residents and school voters in such adjacent territory, and on trial *de novo* the trial court's finding thereon in defendants' favor is adopted by this court.

**Petition for annexation — adjacent territory — facts set forth — jurisdictional prerequisites — board to determine — before acting.**

2. The petition for the annexation of adjacent territory to a special district for school purposes need not set forth all the facts, the existence of which is required by the statute to authorize the board to act. It is for the board of the special district to determine, before allowing such petition, whether the jurisdictional prerequisites in fact exist authorizing it to grant the prayer of the petitioners.

**Petitioners — real property — owners — immaterial — school voters only.**

3. The fact that the petitioners were not owners of the real property sought to be annexed is not material, the statute merely requiring that they be school voters in such adjacent territory. Nor does the fact that such petitioners contemplated a removal from such lands at a future time, disqualify them from acting while they remained such voters.

**Petition — notice of hearing — published — posting.**

4. Appellant's contention that the notice of hearing on such petition was not published as required by § 133, supra, held untenable. One publication of such notice in the nearest newspaper fourteen days prior to the hearing, and posting the same in the manner prescribed in the above section, is all that was contemplated by the legislature.

Opinion filed April 6, 1914. On petition for rehearing April 14, 1914.

Appeal from District Court, Cass County, *Chas. A. Pollock,* J. From a judgment in defendants' favor, plaintiff appeals. Affirmed.

*Melvin A. Hildreth,* for appellant.

The petition must show that the territory proposed to be annexed is outside the limits of the special district, but adjacent thereto. Laws, 1911, § 133, chap. 266; Redfield School Dist. v. Redfield Independent School Dist. 14 S. D. 229, 85 N. W. 180.

It will not do to say that the board of education of the special school district found that the territory described in the petition was outside the limits of such district, but adjacent thereto. The petition itself must show such facts. Greenfield School Dist. v. Hannaford Special School Dist. 20 N. D. 393, 127 N. W. 499.

The notice of the hearing on the petition must be published in every issue of a weekly paper issued before the date of the hearing. One publication and posting are insufficient. Union P. R. Co. v. Montgomery, 49 Neb. 429, 68 N. W. 619; Union P. R. Co. v. McNally, 54 Neb. 112, 74 N. W. 390; Richter v. Harper, 95 Mich. 221, 54 N. W. 768.

The annexation of the territory in question was unjust, in that the owners of the land in such territory had no voice in the matter, and that it places an added burden on District No. 94. State ex rel. Hammond v. Dimond, 44 Neb. 154, 62 N. W. 498; Wahoo v. Tharp, 45 Neb. 563, 63 N. W. 840.

*A. A. Twichell* and *Pollock & Pollock,* for respondents.

When such petition is presented, the board, after ascertaining that the necessary facts actually exist, may make its order, if it deems it for the best interests of all the territory affected. The mere *form* of the petition is not jurisdictional. Laws, 1911, § 113, chap. 166; Greenfield School Dist. v. Hannaford Special School Dist. 20 N. D. 393, 127 N. W. 499; State ex rel. Little v. Langlie, 5 N. D. 594, 32 L.R.A. 723, 67 N. W. 958.

The board, by virtue of the petition, has jurisdiction of the subject-matter, and the presumption is that its findings are based upon competent proof and are correct. Redfield School Dist. v. Redfield Independent School Dist. 14 S. D. 229, 85 N. W. 180.

Matters of indebtedness may be adjusted. Laws, 1911, §§ 217–221, chap. 266, p. 455.

Fisk, J. Plaintiff school district seeks to perpetually enjoin the defendants, as members of the board of education of the village of Tower City, and the defendant, Addison Leach, as county auditor of Cass county, from doing any act looking to the transfer for school purposes of sections 6 and 7, the west half of section 5, and the west half of section 8, all in township 140 north of range 55 west, lying and being in Cass county, from plaintiff school district to the special school district of the village of Tower City. Such transfer was sought to be effected pursuant to § 133 of chapter 266, Laws of 1911. The section reads as follows:

"When any special school district has been organized and provided

with a board of education under any general law, or a special act, or under the provisions of this article, territory outside the limits thereof, but adjacent thereto, may be attached to such special school district by the board of education thereof, upon application in writing signed by a majority of the voters of such adjacent territory; provided, that no territory shall be annexed which is at a greater distance than 3 miles from the central school in such special district, except upon petition signed by two thirds of the school voters residing in the territory which is at a greater distance than 3 miles from the central school in such special district; and upon such application being made, if such board shall deem it proper and to the best interests of the school of such corporation and of the territory to be attached, an order shall be issued by such board attaching such adjacent territory to such corporation for school purposes, and the same shall be entered upon the records of the board. Such territory shall, from the date of such order, be and compose a part of such corporation for school purposes only. Such adjacent territory shall be attached for voting purposes to such corporation, or, if the election is held in wards, to the ward or wards or election precinct or precincts to which it lies adjacent; and the voters thereof shall vote only for school officers and upon such school questions; provided, that nothing in this act shall prevent any such adjacent territory from being annexed because of such adjacent territory being in an adjoining county, and provided, that the county commissioners may detach any part of such adjacent territory which is at a greater distance than 3 miles from the central school in such special district, and attach it to any adjacent common or special school district or districts upon petition to do so, signed by three fourths of the legal voters of such adjacent territory; provided, further, that in all cases fourteen days' notice of a hearing before the board shall be given, by publication in the nearest newspaper and posted notices in conspicuous places, three in the special district, three in the territory sought to be annexed, and three in the district remaining from which the territory shall be taken. And such territory shall not become a part of the special district until five days. after such hearing, upon order of the board as hereinbefore provided; and all assets and liabilities shall be equalized according to § 217."

The grounds alleged in the complaint as a basis for the relief prayed

for are, first. That the school board of such special school district, sometime prior to the attempted annexation of such territory, erected a large school building in Tower City, and in doing so greatly exceeded the debt limit in violation of the Constitution of the state, which limits the indebtedness of each school district to a sum not exceeding 5 per cent of the taxable property of the district; and,

Second. That the petition asking for the annexation of such territory to such special school district is null and void for the reason, as alleged, that the same was not signed by a majority of the voters of the territory sought to be annexed. Nor was it signed by two thirds of the school voters residing in that portion of the territory sought to be annexed, which is located at a greater distance than 3 miles from the center of such special school district. The petition which was thus presented to the board of education of the special school district of Tower City on September 12, 1911, was signed by G. H. Miller, Mrs. G. H. Miller, H. Delange, and Mrs. H. Delange, and it is alleged in the complaint that these persons were not bona fide voters and residents of the territory thus sought to be transferred. These allegations were put in issue by the answer, and at the conclusion of the trial of such issues in the district court of Cass county the learned trial judge made its findings and conclusions thereon favorable to the defendants, ordering a judgment in their favor for a dismissal of the action, with costs. Judgment was thereupon entered accordingly, and plaintiff appeals therefrom, and demands a trial de novo in this court.

In such trial de novo this court is, of course, confined to the issues framed by the pleadings and which were tried in the court below; and as we construe the complaint, but one question of fact is involved, which is whether the persons who signed the petition for the transfer of such territory from plaintiff district to the special school district aforesaid were residents and qualified school voters in the territory attempted to be transferred. The fact, if it be a fact, that such special school district had incurred an indebtedness exceeding the constitutional debt limit, is in no way material, as the legislature has not seen fit to provide that such fact shall operate to prevent such an annexation of adjacent territory. The mass of testimony contained in the record relating to such alleged fact is therefore wholly immaterial and irrelevant, and the

learned trial judge no doubt so held, as no finding was made thereon by him.

Near the close of the trial plaintiff's counsel asked leave to amend paragraph 4 of the complaint by inserting the following: "And said petition and the order and proceedings thereon were wholly void and of no effect, the said defendants never having complied with the provisions of the statute with reference to annexing said property claimed to have been annexed, and never acquired jurisdiction over the subject-matter for the purpose of annexing said property as described in the petition, or any part thereof." Such amendment was allowed over defendants' objection, but the same, as the trial court remarked, alleges nothing but legal conclusions, and does not operate to change the issues in any particular.

It follows that the sole issue of fact for retrial in this court is whether the persons who signed the petition which was presented to the board of the special school district, and acted upon by such board on the 12th and 29th days of September, 1911, were residents and school voters in such territory on said dates. After reading and considering the testimony relating to such issue, we have no hesitancy in adopting the findings of the trial court on this issue. In fact, we are unable to perceive how the trial court could have made any different finding on this question. The testimony is very voluminous, and we shall not attempt to review the same in this opinion, as no useful purpose would be subserved thereby.

In his printed brief, counsel for appellant raises some questions which it does not appear were raised in the lower court, and which certainly were not raised by the pleadings. However, we will briefly notice them.

It is contended that the petition for the transfer of such territory was defective because it failed to set forth that the territory sought to be annexed was "outside of the limits of the special district, but adjacent thereto." Such contention is, we think, untenable. The statute does not seem to contemplate that the petition shall set forth all the facts made necessary under the law to authorize the board to act. It is for the board to determine, before taking action on such petition, whether the jurisdictional prerequisites in fact exist which such statute prescribes, but the petition need not show the existence thereof. The case

of Redfield School Dist. v. Redfield Independent School Dist. 14 S. D. 229, 85 N. W. 180, cited by appellant's counsel, is not an authority in appellant's favor. On this point see Greenfield School Dist. v. Hannaford Special School Dist. 20 N. D. 393, 127 N. W. 499, and cases cited at page 397 of the opinion. The board clearly had jurisdiction to act on the petition, and the proof discloses that the petitioners were the only resident school voters in such adjacent territory. The good faith of the petitioners, as well as the members of the board, cannot be questioned. The fact that the petitioners were not owners of the real property is not material. The statute does not require this. It merely requires that they be school voters in the territory. Nor does the fact that such petitioners contemplated a removal at some future time from lands disqualify them from acting while they remained such voters. If the annexation of these lands to the special district works a hardship to the owners, the remedy lies with the legislature, not the courts.

It is also contended that the notice was not published as required by law, in that publication thereof was made in but one issue of the newspapers published nearest the land. The statute above quoted requires "fourteen days' notice" of the hearing to be given "by publication in the nearest newspaper, and posted notices in conspicuous places, three in the special district, three in the territory sought to be annexed, and three in the district remaining from which the territory shall be taken." No question as to the proper posting thereof is raised, but counsel contends that the same should have been published in each issue of the paper during the fourteen days' period prior to the hearing, citing numerous cases claimed to support his views. We do not think the statute, as fairly construed, warrants such construction. If the legislature meant to require a continuance of the publication during such period, it no doubt would have specifically so prescribed by using apt language to indicate such intent. Wherever the legislature has intended that a notice shall be published for a designated period, it has used language clearly indicating such intent. The authorities relied on by appellant's counsel are based on statutory language materially differing from that employed in the act in question, and we do not consider them in point.

Another answer might be made to appellant's contention on this point. The record shows that it had actual notice of such petition

27 N. D.—30.

and of the hearing thereon, for it appears that plaintiff, prior to the hearing, filed a written protest with the special school district board against the proposed annexation of such territory, and it therefore ought not to be heard to urge in this action, nor did it in fact urge in such protest, a failure to give due notice of the hearing.

Another matter not mentioned by respondents' counsel, but which we think might be urged as a complete answer to plaintiff's right to maintain this action against the members of this special district board, is that the acts sought to be enjoined, as disclosed both by the complaint and by the proof, were performed and fully completed proir to the commencement of the action. It is, of course, well settled that equity will not enjoin acts already done. 22 Cyc. 759, and cases cited. We choose, however, to place our decision in this case upon the broad grounds that plaintiff has failed to prove the allegations of its complaint, and that it appears that the proceedings with reference to the annexation of such territory were in substantial conformity with the statute. We merely mention the last two propositions for the information of counsel and of the bar generally.

The judgment is affirmed.

## On Petition For Rehearing.

In a petition for rehearing herein counsel for appellant urges that defendants are estopped from annexing such adjacent territory to the special district, by reason of a judgment entered adversely to them in a prior action involving the validity of certain proceedings for the annexation of the lands here involved and other adjacent territory. We deem it clear that such contention is devoid of merit, for the reason that by such prior annexation proceedings a large amount of territory was sought to be thus annexed, in addition to that involved in the proceedings here in controversy, and the decision of the court annulling such proceedings and enjoining the proposed annexation of such territory was placed upon the ground that the petition was absolutely null and void and of no effect, and therefore conferred no jurisdiction upon the board of the special district, because such petition was not signed by the requisite number of legal voters of the territory thus sought to be annexed. We fail to see how such decision should operate to estop

such board from thereafter acting upon a legal petition when presented. As before stated, the last petition embraced but a portion of the territory described in the first petition, and the same was signed by all the legal voters therein.

Counsel calls our attention to a New York authority holding that an estoppel *in pais* may be proven, although not pleaded. While it is unnecessary, in view of our holding as above stated, to determine the rule in such cases, and we will not do so, we respectfully call attention to 8 Enc. Pl. & Pr. p. 7, wherein it is stated that under the Code system the great weight of authority is to the effect that the facts constituting an estoppel *in pais,* to be available, must, except in a few cases, be specially pleaded.

Petition denied.