THOMAS A. THOMPSON v. C. B. VOLD, Gust Peterson, and Andrew Peterson as Directors of Fort Ransom School District Number 6, Ransom County, North Dakota.

(165 N. W. 1076.)

**Vain thing — attempt to do — equity will not — act already perfected — injunction — will not lie.**

1. Equity will not attempt to do a vain thing, nor will it, by injunction, attempt to prevent the doing of an act that has already been perfected.

**School board — remodeling a building — restrained by injunction — building completed during pending appeal — no supersedeas bond filed — moot question — appeal will be dismissed.**

2. Where an injunction is sought in the lower court to restrain a school board from further proceeding with the remodeling of a building, on the ground that, though it has the power only to repair, it is in fact erecting a new building, and such injunction is refused and an appeal taken, but no supersedeas bond is furnished and no stay of proceedings granted, and pending such appeal the work is completed, the matter involved becomes a moot question, and the appeal will be dismissed by the supreme court.

Opinion filed December 13, 1917.

Proceeding to restrain the construction of a school building.

Appeal from the District Court of Ransom County, Honorable *Frank P. Allen,* Judge.

Judgment for defendant.

Plaintiff appeals.

Appeal dismissed.

*A. C. Lacy,* for appellant.

School boards are authorized to "repair" school buildings, and not to remodel or build new ones without further express authorization as by law provided.

"To repair" means to remake; not to make a new thing, but to refit or make good or restore an existing thing. Comp. Laws 1913, § 1184; Walker v. Detroit, 143 Mich. 427, 106 N. W. 1123; Atty. Gen. ex rel. Gibson v. Montcalm County, 141 Mich. 590, 104 N. W. 792.

"To repair" does not in terms include construction or reconstruction. 24 Am. & Eng. Enc. Law, 470; Vincent v. Frelich, 50 La. Ann. 378,

69 Am. St. Rep. 436, 23 So. 373; Levi v. Coyne, 22 Ky. L. Rep. 493, 57 S. W. 790; Farraher v. Keokuk, 111 Iowa, 310, 82 N. W. 773; Naye v. Noezel, 50 N. J. L. 523, 14 Atl. 750; State v. White, 16 R. I. 591, 18 Atl. 179, 1038; 7 Words & Phrases, 6096; 4 Words & Phrases, 2d series, 376.

"School districts can only have and exercise such power as is expressly granted by the law providing for their creation. They are created for special purposes and have only such powers as are granted by statute." Capital Bank v. School Dist. 6 Dak. 248, 42 N. W. 774; Farmers & M. Nat. Bank v. School Dist. 6 Dak. 255, 42 N. W. 767; Kretchmer v. School Board, 34 N. D. 403, 158 N. W. 993.

"Powers and duties of such school boards are governed by the statute granting and defining such powers, and such statutes should be construed not wholly as a grant of power, but also as a limitation thereon." 35 Cyc. 901, 925; State ex rel. Bean v. Lyons, 37 Mont. 354, 96 Pac. 923.

*Kvello & Adams,* for respondents.

After the injunction was modified and pending an appeal therefrom, there having been no supersedeas bond filed, the repairing or refitting of the school building was completed, and school sessions conducted and maintained therein, and the building so continuously used. Such being the case, it was useless and idle to further continue the injunction or the appeal. School Dist. v. Thompson, 27 N. D. 459, 146 N. W. 727.

Equity will not attempt to do a vain thing; it will not by injunction attempt to prevent an injury already done, or to prevent the doing of an act that has already been accomplished. 22 Cyc. 759; Chicago, M. & St. P. R. Co. v. Sioux Falls, 28 S. D. 471, 134 N. W. 46; McCurdy v. Lawrence, 9 Kan. App. 883, 57 Pac. 1057.

BRUCE, Ch. J. This is a motion to dismiss an appeal from an order setting aside a preliminary injunction. The school district of Fort Ransom comprises a congressional township, and at the time of the action complained of there were four schools in the district. The largest was located in the village of Fort Ransom, and more pupils were in attendance at this school than at the other three schools combined. Complaint was made that the buildings at Fort Ransom were dilapidated and entirely unsuited to the large attendance.

The school board then attempted to obtain authority from the voters to build a larger schoolhouse, but at a special election called for this purpose the authority was refused. Following this election the board of health condemned the building, and ordered the school board to proceed to remedy the defects complained of, but did not direct the method. The school board then again submitted the matter of building a new schoolhouse to the voters, and at the same time a proposition was submitted for the erection of a one-room schoolhouse at a point called Kidville and about 2 miles distant. At this election the proposition for the school at Kidville carried, and the proposition for the new building at Fort Ransom was defeated. It appears, however, that at the time that the preliminary injunction was sought and at the time of the trial no proceedings had been taken to erect the building at Kidville, no site had been purchased, and no bonds had been issued; and it appears from the affidavits that this school would only accommodate or be convenient for about fifteen of the pupils.

At the time that the injunction was sought the school census showed about ninety children who were qualified to attend the school at Fort Ransom; that during the school years 1915, 1916 there were five schools in the district; that the enrolment at Fort Ransom school was eighty, and that the other schools in the district had an enrolment of sixty-nine. The affidavits also tended to show that it would cost about $1,500 to remodel the Fort Ransom school to meet the requirements of the board of health; that even then no provision could be made for an increase in attendance; and that therefore a new building or a new wing would be more economical.

After this second election, and in the exigency created, the school board, under the advice of the county superintendent, proceeded to enlarge the old building. They built a foundation, utilized the larger portion of the old building, and tore down the other section or wing, using the timbers in repairing and remodeling the part left standing. This part they intended to move back a short distance onto the new foundation, and to construct in addition thereto two rooms to take the place of the one room which had been torn down.

At this point injunctional proceedings were instituted by the plaintiff, and after a hearing a temporary injunction was granted. The board then made strenuous efforts to get additional rooms, but was un-

able to do so, and, in failing in this, again made an application to the court to modify the injunctional order and permit it to continue remodeling the old building so as to get the same ready for the 1916 fall term. Upon this application the injunction was annulled, and the board has since completed the building according to the original plans.

This order was as follows: "A temporary injunctional order having been issued in the above-entitled matter on the 26th day of August, 1916, and thereafter and on the 13th day of September, 1916, there came on to be heard in chambers at the courthouse in the city of Lisbon, upon order to show cause heretofore issued in the premises, a motion for a modification of said injunctional order, the said hearing having been adjourned by counsel for the respective parties from September 12, 1916; the defendants were present in court in their official capacity as directors of school district No. 6, and by their counsel, Messrs. Rourke, Kvello, & Adams, and the plaintiff being present personally and by his counsel, A. C. Lacy, Esq., and the court having heard witnesses in support of said application for modification of said temporary injunction, and which witnesses were cross-examined by the plaintiff's attorney; it appearing at the time of the issuance of the temporary injunctional order that the defendants could in all probability obtain other quarters and accommodations in which to hold school pending the settlement of the controversy between the parties hereto; and it now appearing that the defendants are unable to obtain such accommodations or any accommodations at all for said pupils of school No. 7, in said district; and there being in the neighborhood of eighty children without school facilities on account thereof, who unless the temporary injunctional order is modified will be denied school privileges for the coming year; and the court being duly advised in the premises, and deeming it for the best interests of the public, and in order not to deny the school privileges as aforesaid, and an emergency existing in said district.

"It is ordered, adjudged, and decreed that the order heretofore made in the premises be, and the same is hereby, modified in the following particulars, to wit:

"That defendants are no longer restrained from proceeding to remodel and add to the present school building on its present site in the village of Fort Ransom, but that said remodeling and addition when completed,

including the portion left standing, shall not be of larger dimensions than 50x36 with 12 feet walls."

From this an appeal was perfected on the 4th day of December, 1916, by filing a notice of appeal and an undertaking for costs. No stay, however, was obtained or asked for, nor was any supersedeas bond offered or furnished.

Immediately after the modification of the original order, the defendant board proceeded to complete the repairs and building, and the premises have since been used for school purposes.

The defendants move for a dismissal of the appeal on the ground that the question is now a moot question. They maintain that the building has been completed, that the only judgment which could be had on this appeal would be a judgment affirming the order of the trial court or a judgment reversing the order and directing the issuance of a preliminary injunction in the pending action, and that the act sought to be restrained having been performed the issuance of a preliminary injunction would be an idle and useless act.

We can see no escape from this conclusion, "Equity will not attempt to do a vain thing, nor will it by injunction attempt to prevent an injury that has already been sustained or to prevent the doing of an act that has already been perfected." School Dist. v. Thompson, 27 N. D. 459, 146 N. W. 727; Chicago, M. & St. P. R. Co. v. Sioux Falls, 28 S. D. 471, 134 N. W. 46; McCurdy v. Lawrence, 9 Kan. App. 883, 57 Pac. 1057.

While this disposes of the appeal, and nothing more is before us, it may be well to add that the members of this court are of the opinion that the merits of the case are with the defendant school board, and that it was legally justified in the course that it took.

The motion to dismiss the appeal is granted.