## L. B. GAGNON, Appellant, v. A. B. VEUM, Respondent.

### (169 N. W. 174.)

**Vendor — contract of sale — not entitled to rents — unless reserved — holding over — period of.**

In an action of forcible entry and detainer it appeared that the plaintiff had leased the property in question to a tenant who had stipulated in the lease that his term might be terminated if the property were sold. The plaintiff proceeded to terminate the lease under this provision and in this action seeks to recover possession and the rents accruing subsequent to the serving of the notice to quit. *Held:*

1. There being no provision in the contract of sale whereby the vendor, the plaintiff, reserved the rents, he is not entitled to recover rent as damages during the period of holding over.

**Sale of property — contract for deed — vendor and purchaser — latter considered owner — sustains risk of loss — right to rents and profits.**

2. Upon the sale of property under a contract for deed, as between the vendor and purchaser, the latter is regarded as the owner of the property, sustains the risk of loss, and has the corresponding right to the rents and profits.

**Contract of sale — vendor and purchaser — hotel — operation of — proceeds of — agreement for division — reservation of rents — does not amount to — property in wrongful possession of tenant.**

3. Provisions in a contract of sale, whereby the vendor and purchaser agree upon a division of the proceeds of the operation of a hotel upon the property

embraced in the contract, do not amount to a reservation of the rents and profits while the property is wrongfully held by a tenant in possession.

Opinion filed September 26, 1918.

Appeal from order of District Court, *Frank E. Fisk,* J.
Affirmed.

*McGee & Goss (B. E. Crippen,* of counsel), for appellant.

Action to recover the rental value of property sold under a contract of sale. Such action cannot be brought in connection with any other except for rents and profits accrued or damages arising by reason of the defendant's possession. No counterclaim can be interposed except as a set-off to a demand made for damages or rents and profits. Vidger v. Nolin, 10 N. D. 353, 87 N. W. 593; Comp. Laws 1913, § 9072; McLain v. Nurnberg, 16 N. D. 144, 112 N. W. 243.

The right of possession having been disposed of, the action did not abate so far as the issue as to the nonpayment of rent was concerned. The action is strictly one for possession based on a wrongful detainer, and a recovery for rent as permitted in connection therewith. Rev. Codes 1905, § 8409, Comp. Laws 1913, § 9072; 24 Cyc. 412 (4), 1172, 1400, 1414.

"There can be no liability for rent without privity either of contract or of estate." 24 Cyc. 1176.

So far as title to these rents and profits and right of possession of the leased property is concerned, it is in the plaintiff, and the defendant is a stranger. The plaintiff and Austin, the vendee, made their own contract, which provides that both title and possession shall remain in plaintiff. Defendant is a stranger and an intruder. Note in 35 L.R.A. (N.S.) 1066.

"A tenant cannot question the title of his landlord without surrendering possession of the property and thereby terminating the tenancy." 38 N. W. 963.

*Greene & Stenersen,* for respondent.

"A person to whom any real property is transferred or devised upon which rent has been reserved or to whom any such rent is transferred is entitled to the same remedies for recovery of rent for nonperformance of the terms of the lease or for any waste or cause of forfeiture as his

grantor or devisor might have had." Comp. Laws 1913, § 5345; Rev. Codes 1899, § 3366; N. P. Ry. Co. v. McClure, 9 N. D. 73; Winterfield v. Stauss, 24 Wis. 394.

In a contract like the one here, where the land is sold under a contract for future payments, and title is reserved in the grantor, the grantee becomes the equitable mortgagor, and the grantor the equitable mortgagee. Nearing v. Coop, 6 N. D. 345; Jones, Mortg. §§ 226, 1449 and cases cited; 39 Cyc. 1302.

"The purchaser is in equity actually seised of the estate and may sell or charge it before it is conveyed to him." Majors v. Maxwell, 120 Mo. App. 281, 96 S. W. 731; Sewell v. Underhill, 127 N. Y. App. Div. 92, 11 N. Y. Supp. 85; Clarke v. Long Island Realty Co. 126 N. Y. App. Div. 282, 110 N. Y. Supp. 697; 29 Am. & Eng. Enc. Law, 2d ed. 703; Clapp v. Tower, 11 N. D. 557, 93 N. W. 862; Nearing v. Coop, 6 N. D. 349, 70 N. W. 1044; Roby v. Bank, 4 N. D. 156, 5 Am. St. Rep. 368, 59 N. W. 719; Moen v. Lullestal, 5 N. D. 327, 65 N. W. 694; Lombard v. Chic. S. Cong. 64 Ill. 477; Warvelle, Vendors, 2d ed. 843.

Privity denotes mutual or successive relationship to the same property or right of property. 6 Words & Phrases, 5606.

Here, there existed privity in estate between the defendant and Austin, plaintiff's vendee. It arose from their contract. The equitable title went to Austin under their contract, but charged with the leasehold estate of defendant. Society v. Varney, 54 N. H. 376; Hartley v. Phillips, 198 Pa. 9, 47 Atl. 929; Mygatt v. Coe, 124 N. Y. 212, 11 L.R.A. 646.

True, a tenant cannot dispute his landlord's title, but in an action by the lessor to recover rent, the lessee may show that the lessor has sold and conveyed the premises to another without reserving the rent thereafter to become due. Rent is an incident to the reversion, and the right to it passes by assignment of the reversion. Allen v. Hall (Neb.) 92 N. W. 171; English v. Key, 39 Ala. 113; Franklin v. Palmer, 50 Ill. 205; Burden v. Thayer, 3 Met. 76, 37 Am. Dec. 117; Van Wicklen v. Paulson, 14 Barb. 654; Demarest v. Willard, 8 Cow. 206; Peek v. Northrup, 17 Conn. 217.

BIRDZELL, J. This is an action under the Forcible Entry and Detainer Statute to recover possession of certain hotel property, with damages for its detention. On the 17th of March, 1916, the plaintiff, Gagnon, leased the property in question to the defendant, Veum, at a rental of $100 per month. The term of the lease was one year from April 15th, 1916, and the lessee stipulated for the right to use the premises for "any respectable and legal business." It was agreed that the lessee should have the privilege of rerenting for another period of twelve months after the expiration of the lease, and upon the back of the form lease was a stipulation as follows: "It is hereby understood and agreed that in case the party of the first part disposes of the property leased by the party of the second part the term of this lease will expire November 15th, 1916, and if sold before that date the rent money will be paid at the place stated in this contract and to the credit of the new owner. It is also understood and agreed that in case of a sale of the property the privilege of rerenting the property will be null and void."

On November 13th, 1916, the plaintiff served notice on the defendant to the effect that he had sold the property, and that, under the provisions of the lease, the term would expire on November 15th, 1916. Veum refused to yield possession, whereupon the forcible entry and detainer proceedings were begun which have culminated in this appeal.

The action was originally begun in justice court, but after an appeal to the district court an amended complaint was filed, containing, among other allegations, an allegation of damages occasioned to the plaintiff by reason of the withholding of the possession from November 15th, 1916, to the date of the suit, at $200 per month less a credit at the rate of $100 per month for an advance payment of rent made by the defendant on November 10th, before the receipt of the notice of cancelation. In the district court a demurrer was interposed to the complaint which was overruled. The defendant then moved to strike from the complaint the above allegation of damages, which motion was granted. This appeal is taken from the order striking the foregoing allegation from the complaint.

The contract of sale upon which the plaintiff bases his right to cancel the lease is made a part of the complaint, and by it the plaintiff "sells and agrees to convey" to one Vern Austin, "by good and sufficient deed of warranty on the prompt and full performance" of the said contract

the property in question. The purchaser agrees to pay $7,000, $100 down and $6,900 deferred, and for the furniture and fixtures he is to pay invoice price plus 10 per cent and the freight. The contract contains other stipulations whereby the plaintiff vendor is to have general charge of and control over the hotel property to pay the expenses of operation, the purchaser to receive as his compensation for services in conducting the hotel one fourth of the gross receipts of which he "shall become the full and absolute owner." This arrangement was to continue until the furniture and necessary improvements had been paid for in full, after which time the party of the second part was to pay $300 and be given full control of the hotel and receive all the income therefrom, paying thereafter on the purchase price $300 per month on the first day of each month. The above is a sufficient statement of the provisions of the contract of sale to indicate the nature of the arrangement made between the vendor and the purchaser and the rights of the respective parties thereunder. It is clear from an examination of the contract that it was intended the hotel business should be continued on the premises; that the vendor was to receive three fourths of the gross receipts from which were to be paid the expenses of operation; and that this arrangement was to continue until a certain portion of the deferred payments to be made by the purchaser had been realized.

Whether or not the net portion of the three fourths of the gross receipts was pledged to the vendor for the deferred payments is not exactly clear from the contract, but it is perhaps a fair inference that it was to be applied. However this may be, it is clear that nothing was reserved to the vendor except three fourths of the proceeds of the operation of the hotel during the period when it was contemplated the business should be conducted by the vendor and the vendee jointly under the vendor's supervision. Nothing whatever is stated in the contract with reference to the right of possession as between vendor and purchaser prior to the time when the provisions of the contract governing the operation of the hotel become operative. It was, of course, contemplated that possession should be obtained on November 15th, in which event the provisions above referred to would have become operative immediately. Had the provisions of the contract become operative, obviously the question now before us could not have arisen. But, since the possession was not surrendered, and since it is impossible that the

provisions controlling the operation of the hotel business by the vendor and the purchaser could apply, the question as to whose is the right to recover damages for use and occupation or a reasonable rental of the property during the period of wrongful holding over, if shown to exist, must be determined by the application of the elementary principles affecting the rights of vendor and purchaser. Rents, in the absence of a contract to the contrary, belong to the owner. The contract of sale effects an equitable conversion of the property, the purchaser being henceforth regarded as the owner. The risk of loss is upon him and he has the corresponding right to the benefits accruing to the owner. The plaintiff in this case, having canceled the lease, has terminated the tenancy previously existing between him and the defendant, and from the date of the cancelation forward the defendant, so long as he retains possession, is deriving a benefit for which compensation must be made to the one entitled thereto. The rents have not been reserved to the plaintiff, for his contract embraces only three fourths of the receipts to be derived from operating the hotel business. This cannot, in any sense, be regarded as a reservation of rent while the property is in the possession of a third party. Since the plaintiff by his contract has not reserved such benefit to himself, it follows that it must accrue to the purchaser.

For the above reasons we are of the opinion that the order of the trial court, striking from the complaint the allegation under which the plaintiff seeks to recover the reasonable rental for the period referred to, is proper and the order is affirmed.

Robinson, J. (concurring). This is an action under the Forcible Entry and Detainer Statute to recover possession of certain hotel property with big damages. On March 17, 1916, at the village of Parshall in the county of Mountrail, Mr. Gagnon, the owner of the village hotel, leased the same to defendant Veum for one year from April 15th, 1916, with the right to hold for two years. The rental was $100 a month. On the back of the lease it was written that it should expire on November 15th, 1916, in case Gagnon had then sold the property and that the rent money should be paid to the credit of the new owner. Veum knew better than to think of buying hotel furniture and starting in the hotel business on a lease of six months. In case of a sale he counted on

paying rent to the *new owner*. However, it seems that in November, the hotel business was looking up and the plaintiff desired to cancel the lease and run the hotel himself, so on November 13, 1916, he served on Veum a notice to this effect: I have sold the hotel property. Your term will expire on November 15, 1916, and I will then be prepared to take over possession for the *new owner*. The money is on deposit in the bank of Parshall to take over the furniture as provided in the lease and to refund to you any rent money you may have paid which extends beyond the 15th of November, 1916.

On receipt of the notice it seems Veum suspected that Gagnon himself was the *new owner* for whom he desired to "take over possession," and that he had merely made a bogus sale to himself or to some one for the purpose of terminating the lease. Hence, he refused to quit possession. If the plaintiff had made an actual bona fide sale, there was no reason why he should take over possession for the *new owner*. He should have given the name of the new owner and allowed him to take over possession for himself, or to deal with the tenant in possession.

In the district court the plaintiff filed a supplemental complaint demanding $2,350 damages for the use of the property at $200 a month. The court made an order overruling a demurrer to the complaint by striking out all the allegations of damages, and plaintiff appeals. The complaint does not state a cause of action, and it does show affirmatively that the plaintiff has no cause of action, except it be an ordinary action for the recovery of rent at $100 a month, and he can have no such recovery in this action because it is not based on any failure to pay rent in accordance with the terms of the lease. The complaint fails to show a sale of the premises or a termination of the lease. It avers that the plaintiff leased to defendant the premises in question for one year from April 15, 1916, with the option of two years at $100 a month; that on November 15, 1916, the lease was terminated and canceled in accordance with its terms. The lease is made a part of the complaint and so is the alleged contract of sale, but the latter does not show a sale. It shows merely a conditional agreement to sell the property to one Austin for $7,000, the plaintiff to have control of the hotel property, to pay the necessary expenses of operating the same; to pay taxes, insurance, interest upon encumbrances, to make such improvements on the building as he may deem necessary; and to have general

supervision and control over the matter of hiring and discharging all help employed on the premises. And in case of death of either party, the contract is to become null and void.

Under the alleged contract of sale which becomes null and void in case of death, the plaintiff retains absolute control over the hotel property, the help employed in the hotel, and pays all expenses and receives the income. The purchaser works under the supervision of the seller and as compensation receives a per cent of the receipts. He must account for every penny he receives and must not pay out a penny without the approval of the plaintiff. Manifestly, as a matter of law, such an arrangement does not constitute a sale. It must have been made to give the plaintiff a pretense for terminating the lease and taking over the property for himself as the new owner.

The complaint shows no cause of action under the lease or the Forcible Entry and Detainer's Statute. Defendant is in possession under a valid lease which is good for two years from its date, unless the defendant fails or refuses to comply with its conditions, and unless a notice to quit is given and based on such failure; he cannot serve a notice to quit so as to make it of any force or effect in this action. There is no averment that defendant has refused to pay rent in accordance with the conditions of the lease. The action is not for any such failure or refusal.

The action is groundless and the litigation has been conducted in a vexatious manner. Hence, the order is affirmed with costs.

GRACE, J. I concur in the result.