THE STATE OF NORTH DAKOTA, Appellant, v. ONE BUICK AUTOMOBILE TOURING CAR K-49, Factory No. 676857, Motor No. 664158, and all persons interested therein, or having claim thereon, Respondents.

(185 N. W. 305.)

Appeal and error — denial to state of order to restrain execution sale of automobile held not prejudicial error where providing for sale subject to state's rights.

1. The plaintiff, the State of North Dakota, made application for an order to restrain the sheriff from selling a certain automobile at an execution sale on the ground that an action had been brought and was then pending for the forfeiture of said automobile, under the State Prohibition Laws, (chap. 97 Laws 1921), and that all claims relating to said automobile were properly triable in such forfeiture action. The trial court denied the application for a restraining order, but in its order provided that the execution sale should be subject to all the rights and equities of the State; that such rights and equities were to be determined in the forfeiture action; that any purchaser at the execution sale should take such automobile subject to the rights of the State as they might finally be determined in such forfeiture action; that said automobile should remain in the possession of the said sheriff to abide the final determination of the rights of the State in said action; and that at the time of, and before making, such execution sale, the sheriff should read such order of the court and announce that said sale was being made subject to the provisions thereof. Held, that the plaintiff was in no event prejudiced by such order.

Appeal and error — an appeal from an order refusing to restrain an execution sale, which has been made, will be dismissed.

2. When on appeal from an order denying an injunction to restrain an execution sale, it appears that the proceedings were not stayed pending appeal, and that before the appeal was submitted the execution sale has been held in accordance with the directions of the execution and the

provisions of the order appealed from, the question as to whether the sale should or should not have been restrained becomes a moot one, and the appeal is subject to dismissal.

Opinion filed Sept. 26, 1921.

Appeal from the District Court of Ramsey County, *Buttz,* J., plaintiff appeals from an order denying an application for an order restraining an execution sale.

Affirmed.

*S. W. Thompson,* State's Attorney, *J. C. Adamson,* of counsel, for appellant.

The automobile was in the hands of the sheriff of Ramsey county awaiting the judgment in the forfeiture proceeding before the judgment was rendered on which the execution was issued. The doctrine is well settled that property in the hands of sheriffs, clerks of court, receivers, executors, etc. is regarded as being in custodia legis and cannot be reached by execution. McCullough v. Large, 20 Fed. 309; Harris v. Dennie 3 Pet (U. S.) 292; 7 Law ed. 638; Fischer v. Daudistal, 9 Fed. 145; 17 Cyc. 980 and cases cited.

*Flynn, Traynor & Traynor,* for respondents.

The mere fact that by such unlawful search and seizure it may be found that the parties were transporting liquor unlawfully, does not make the unlawful search and seizure thereby lawful, and the evidence obtained thereby cannot be used against such persons. Silverthorne Lumber Co. v. U. S. 251 U. S. 385; Adams v. N. Y. 192 U. S. 525; Flagg v. U. S. 233 Fed. 481; 483.

CHRISTIANSON, J. This is an action instituted by the state's attorney of Ramsey county, under the provisions of chap. 97, Laws 1921, to condemn and forfeit one certain Buick automobile. The complaint alleges that on the 25th day of March, 1921, a criminal information was filed in the district court of Ramsey county against Leslie Anderson and C. E. Story, charging them with the crime of willfully and unlawfully transporting intoxicating liquors, to wit, whisky, within said county by means of an automobile described as one Buick Six, seven-passenger automobile, 1920

model K—49, engine No. 664158, car No. 676857; that said defendants entered a plea of guilty to said information, and that sentence and judgment of conviction was thereupon pronounced by the court whereby the said two defendants were then and there each sentenced to serve a term of 90 days in the county jail of Ramsey county and to pay a fine of $200 and the costs of prosecution taxed at $6.75; that said alleged crime was committed on the 22d day of March, 1921, during a jury term of such said district court, and that said automobile was on the same day taken from the possession of the said defendants in said criminal action by the sheriff of said county, and has ever since been, and is now, in his possession; that said possession has been so retained "under and pursuant to the instructions of the state's attorney of said Ramsey county to enforce the right of the state for the forfeiture and sale thereof, pursuant to the provisions and authority of that certain act of the Legislature at the regular 1921 session thereof." The plaintiff prays judgment for a forfeiture and sale of said automobile, pursuant to the statute, and for such other and further relief as may seem proper in the premises.

This action was instituted on the 8th day of April, 1921. It appears that on April 2, 1921, Flynn, Traynor & Traynor instituted an action in a justice court in Ramsey county against Grace Benson, C. E. Story, and Leslie Anderson, as defendants, to recover the sum of $75. On the same day an affidavit for attachment, accompanied by a proper undertaking, was filed, and the justice of the peace before whom the action was pending issued a writ of attachment. The papers in said action in justice court were delivered to the sheriff of said county for service, and the sheriff served the papers upon the three defendants named therein and also levied upon the Buick car, which is involved in this controversy. Such proceedings were had in the justice court that on the 16th day of April, 1921, a judgment was rendered in favor of the plaintiff in said action and against the three defendants in the total sum of $94.80. On the 27th day of April, 1921, an execution was issued upon said judgment and delivered to the sheriff of said county for service. The sheriff, pursuant to the directions of said execution, caused notice of sale to be given wherein he advertised that he would sell said automobile, on the 7th day of May, 1921, at the place provided by law, to satisfy the judgment. The state's attorney of Ramsey county thereupon, on May 4, 1921, moved the court for an order enjoining and restraining the said execution sale set for May 7, 1921. The motion was based upon an affidavit of said state's at-

torney wherein he recited the proceedings had in the criminal action, the rendition of judgment in the justice court, the issuance of execution thereon, and the proposed sale thereunder; and it was asked by the said states attorney:

"That said execution sale be enjoined and restrained by order of this court, and that the said judgment creditor be brought in as a party defendant in the above-entitled action, so that the right of the state in and to said automobile in said forfeiture proceedings be adjudicated as against the levy and threatened sale of said judgment creditor, and, further, that the rights of all claimants therein may be adjudicated as provided by statute."

At the hearing the records and files in the criminal action and in this action were submitted, and it appears by recital in the order appealed from that the trial court also considered all the records and files in the case in which the execution was issued. The trial court denied the application for an injunction. In its order the court, however, provided:

"That when the sale is made under and by virtue of the execution issued out of justice court in the action wherein said Flynn, Traynor & Traynor are plaintiffs and the said Grace E. Benson is the defendant and judgment debtor, that such sale be made without prejudice to the rights of the state of North Dakota in and to said automobile and subject to all of the rights and equities of the state of North Dakota in and to said automobile, which rights and equities are to be determined in this action, and that upon such sale the purchaser at such sale shall take the said automobile subject to the rights of the state of North Dakota as may be finally determined in this action, and said automobile shall remain in the possession of the sheriff of Ramsey county, N. D., to abide the final determination of the rights of the state of North Dakota in this action." And "that at the time of such sale and before the sale is made that the sheriff, after reading the notice of sheriff's execution sale, shall read this order and announce that said sale is being made subject to the provisions hereof."

The states attorney has appealed from that order .

On this appeal many questions have been raised relating to the construction of chap. 97, Laws 1921. In our opinion the case neither requires nor justifies consideration of any of these questions. It will be noted that the order of the trial court carefully preserved all the rights of the state, and left all questions involving these rights, as well as the rights of

the judgment creditors, to be determined when this action is tried on the merits. Hence it seems clear that the state was in no manner prejudiced by the order appealed from. Whether any other party was prejudiced thereby is not before us.

There is another reason why we may not consider the various questions urged for determination here. No restraining order was ever issued by the trial court, and no order was made staying proceedings pending the appeal. And in the record which the appellant has caused to be certified to this court on this appeal, there is contained the return which the sheriff made on the execution issued upon the justice's judgment; and from that return it appears that the sheriff, on May 7, 1921, held the execution sale in accordance with the directions of the execution and the provisions of the order appealed from here. In other words, the record presented by the appellant shows affirmatively that before the appeal was taken the very acts which it was sought to have restrained had been performed. Hence the appeal presents merely questions which have become moot, and is subject to dismissal. Thompson v. Vold, 38 N. D. 569, 165 N. W. 1076; Holter v. Wagoner, 32 S. D. 137, 142 N. W. 175; Barber Asphalt Co. v. Hamilton, 80 Wash. 51, 141 Pac. 199; Carr v. Montesano, 76 Wash. 380, 136 Pac. 363; Wiebke v. Ft. Wayne, 64 Ind. App. 38, 115 N. E. 355; Crise v. Slagle, 129 Md. 453, 99 Atl. 669; 4 C. J. 584. See, also, State v. Albertson, 25 N. D. 206, 141 N. W. 478; In re Kaeppler, 7 N. D. 307, 75 N. W. 253; Richardson v. McChesney, 218 U. S. 487, 31 Sup. Ct. 43, 54 L. ed. 1121; Mills v. Green, 159 U. S. 651, 16 Sup. Ct. 132, 40 L. ed. 293.

It follows from what has been said that we cannot interfere with the order entered by the trial court, and it is affirmed.

GRACE, C. J., and ROBINSON, BIRDZELL, and BRONSON, JJ., concur.