CHARLES A. STUKENHOLTZ, APPELLANT, V. ORA I. PARRIOTT, AND WILLIAM E. FOSHIER, INTERVENER, APPELLEES.

FILED MARCH 18, 1925. NO. 23020.

1.   Vendor and Purchaser: POSSESSION. A vendee under a contract for sale of real estate is not entitled to possession until full performance, unless the contract so provides.
2.   ———: POSSESSION BY TENANT. The possession of real estate by a tenant is that of the holder of the legal title as against a vendee under an executory contract of purchase which does not give him the present right of possession.
3.   ———: ———: NOTICE. Under such circumstances, the possession of the tenant is not constructive notice to a subsequent purchaser from the holder of the legal title of the claims of the vendee in the first executory contract, even though such tenant has attorned to the latter by accepting a lease from him.

APPEAL from the district court for Morrill county: RALPH W. HOBART, JUDGE. *Affirmed.*

*Pitzer & Tyler,* for appellant.

*F. A. Wright, Floyd E. Wright, Williams, Hurd & Neigh-bors* and *Robert G. Simmons, contra.*

Heard before MORRISSEY, C. J., ROSE, GOOD, and EVANS, JJ., REDICK and SHEPHERD, District Judges.

REDICK, District Judge.

Action of replevin. Plaintiff took from defendant Parriott by writ of replevin certain hay and grain of the agreed value of $1,867, which represented the landlord's share of the crop of certain land for the year 1919. Parriott was the tenant and made no claim to the crop, but answered that Foshier claimed it, and Foshier was made defendant. The contest is between plaintiff and Foshier. A jury was waived and trial to the court resulted in a judgment for Foshier for return of the chattels or their value against plaintiff and Parriott, and plaintiff appeals.

The evidence establishes the following facts: One John M. Bennett was the owner of the land in 1918 and leased it to Parriott. December 23, 1918, Bennett entered into a contract with W. F. Austin to sell him the land for $14,400, to be paid, $800 cash, a conveyance of lots in Bayard at $4,400, and a mortgage on the land for $6,000, the "contract to be closed and the deeds executed and delivered and cash balance of $3,200 paid on or before March 10, 1919. * * * And it is further agreed that, in case either of the parties hereto shall fail to perform the stipulations of this contract or any part of the same, the failing party shall pay the other party to this contract the sum of $500 as damages for nonfulfilment of contract." The contract was not acknowledged, but was recorded June 26, 1919, at 9 a. m. Nothing further was done toward carrying out this contract. February 18, 1919, Austin made a contract to exchange the land for lands of plaintiff, Stukenholtz; this contract was not acknowledged nor recorded.

In January, 1919, Parriott applied to Bennett for a lease for 1919, and was told that he had sold the land to Austin.

Parriott then applied to Austin, who made a verbal lease with him, but later told Parriott that he had sold the land to plaintiff. Parriott and Stukenholtz then, on March 18, 1919, entered into a written lease for 1919; there was no change of possession, Parriott remaining on the land as before.

June 9, 1919, Bennett sold and deeded the land to one Hookstra, the deed being recorded June 26, 1919, at 9 a. m.; and June 28, 1919, Hookstra sold and conveyed to W. E. Foshier, appellee, the deed being recorded June 28. Neither Hookstra nor Foshier had any actual notice of the Austin or Stukenholtz contracts, and the record of the Austin contract did not give notice, as the contract was not acknowledged, and therefore not entitled to record, but it is claimed by plaintiff that the possession of Parriott was constructive notice, not only of the tenant's interest, but also of the title and interest of his landlord, the plaintiff.

The principle of law contended for may be conceded, but who *was* Parriott's landlord?

A purchaser of land under a contract of sale is not entitled to possession until full performance by him, unless the contract contains provisions giving him possession. *Way v. Root*, 174 Mich. 418; *Wood v. Irving*, 159 Ia. 658; 39 Cyc. 1620. The contract from Bennett to Austin contained no provision regarding possession, and it seems clear that the clause providing that the contract be closed and deeds delivered and balance of cash payment made March 10, 1919, fixed the date when possession would be delivered. The statement to Parriott by Bennett that he had sold the land to Austin was before Austin had made default; and while, as between Bennett and Parriott, Bennett might be estopped to question Austin's right of possession, no such question arises here. As between Bennett and Austin, Bennett was entitled to possession until full performance; so also as to Austin's vendee. If neither Austin nor his vendee was entitled to possession, they had no right to lease the land to Parriott, and the latter simply held over as the tenant of Bennett. *Perkins v. Potts*, 52

Stukenholtz v. Parriott.

Neb. 110, in which it was held: "Where a tenant in possession without his landlord's consent attorns to a third party —the latter not having acquired the interest of the landlord in the real estate either by grant or operation of law— the possessory rights of the landlord are not thereby affected, as such an attornment is void." Such possession could not operate as constructive notice of the claim of plaintiff, for the obvious reason that plaintiff had no right of possession which he could transfer to the tenant and thus constitute such tenant his representative. The lease from Stukenholtz to Parriott was void as against Bennett and his grantees.

The deed to Hookstra contained the clause, "also subject to * * * lease for year 1919," and it is claimed that this was a reservation of the rent for the use of plaintiff; but we think the words will not bear that construction; their only office was to protect the grantor upon his covenants by reason of the possession of the lessee.

Finally, could Stukenholtz enforce specific performance of the Austin contract against Bennett? Clearly not, for the reason that such contract was in default, and by its terms might be disregarded by Bennett electing to retain the $500 as damages. This provision, while it could be waived, prevented either party from seeking specific performance in the absence of controlling equities, which are not here present. His rights against Bennett's successors in legal title are no greater.

The judgment of the district court is

AFFIRMED.

Note—See Vendor and Purchaser 39 Cyc. 1620, 1621, 1624, 1758.