[File No. 6602.]

ROBERT E. LEE, Appellant, v. JOHN SHIDE, Respondent.

(288 N. W. 556.)

Opinion filed November 17, 1939.

*Carroll E. Day,* for appellant.
*W. B. Arnold,* for respondent.

BURKE, J.  Plaintiff brought this action in June, 1938, praying for a judgment restraining and enjoining the defendant from entering upon certain described real estate in Grand Forks county, North Dakota, until after November 1, 1938.  The case was tried in the district court of Grand Forks county on August 25, 1938.  At the close of plaintiff's case, the defendant moved that the action be dismissed.  The court granted the motion and the judgment of dismissal was entered on September 7, 1938.  On March 4, 1939, the plaintiff appealed from the judgment of dismissal and demanded a trial de novo in this court. The plaintiff claimed the right to the possession of the premises under an oral lease from one Edmund Dubs.  The defendant asserted his right as the owner of the land.  In October, 1937, the land in question was owned by the Ayers National Bank of Jacksonville, Illinois.  The bank was in receivership, and one Roy K. Adair was the receiver. Edmund Dubs had been negotiating with the receiver for the purchase of the property, and on October 16, 1937, sent him the following telegram:

"Lakota, N. Dak. October 16, 1937

"Roy K. Adair, Receiver
"Jacksonville, Illinois
"Will Give Three Thousand Cash You Pay 1937 Taxes and Brokerage Commission Thursday Furnish Abstract And Good Title Offer Good Through Monday.

"Ed. Dubs"

On October 18, 1937, the receiver sent Dubs the following telegram:

"Jacksonville, Ill. October 18th

"Ed Dubs, Lakota, N. Dak.
"Hotel Lakota
"Your Offer Three Thousand Dollars Cash Subject To Terms and Conditions Specified In Your Telegram Sixteenth Accepted Subject To Approval Of The Comptroller of the Currency Stop Sale Will Be Consummated Without Advertising Stop Mail Ten Percent Deposit Together With Signed Offer In Accordance With Department Ruling.

"Roy K. Adair, Receiver
"The Ayers National Bank of Jacksonville."

On the same day, Dubs forwarded to the receiver the signed offer

referred to in the receiver's telegram together with his check for $300, which represented 10 per cent of the offered purchase price. On October 19, 1937, Dubs leased the land to the plaintiff for a period of one year. On November 1, 1937, the circuit court of Morgan county, Illinois, upon application of the receiver confirmed the sale to Dubs, and directed the receiver to execute a deed of the land to him. However, on October 28, 1937, Dubs had stopped payment on his $300 check and the receiver did not execute the deed. From the record it appears, that thereafter the contract for the purchase of said property, if there had been a contract, was rescinded by mutual consent. On November 15, 1937, the property was conveyed to one Claud Ladue by receiver's deed, and on November 22, 1937, Claud Ladue conveyed the property to the defendant, John Shide. The plaintiff had farmed the land during the crop year of 1937, under a lease from the Ayers National Bank. He was in possession of the property at the time of the conveyance thereof to the defendant. He had ploughed the land to make it ready for the 1938 crop. It is not clear in the record by what means the defendant secured possession of the property, but the record does show, that he sowed the 1938 crop and had harvested it at the time of this trial.

It has been suggested that this case is moot for the reason that the only relief demanded by the plaintiff was, that the defendant be enjoined from entering upon the described premises until after November 1, 1938, and that when this appeal was taken on March 4, 1939, the time within which the court might grant the relief demanded, as well as the time within which plaintiff might ask such relief, had expired.

It is true that "Equity will not attempt to do a vain thing nor will it by injunction attempt to prevent an injury that has already been sustained." Thompson v. Vold, 38 N. D. 569, 165 N. W. 1076; School Dist. v. Thompson, 27 N. D. 459, 146 N. W. 727; Sayre v. Alsen, 48 N. D. 1138, 189 N. W. 240; State v. One Buick Auto. 48 N. D. 348, 185 N. W. 305. However, in a suit for an injunction, where "other questions not rendered moot by the doing of the acts (sought to be enjoined) are involved," the appeal will not be dismissed. 4 C. J. S. 1971. In this case the judgment of the district court not only denies plaintiff's demand for an injunction but it also adjudicates the rights

of the parties with respect to the possession of the property in controversy for the cropping year of 1938. The basic question involved in this suit is, which of the parties had the right to the possession of the property during that time? That question was decided adversely to the plaintiff. The sole purpose of the appeal is to secure a review of the trial court's determination upon that issue. We believe that the plaintiff is entitled to that review, even though we may not now grant the specific relief demanded.

Plaintiff urges that the correspondence between Dubs and the receiver constituted a valid contract for the purchase of the land, and that by virtue of such contract Dubs acquired a sufficient interest in the property to enable him to make a lease thereof to the plaintiff that would be binding as against a subsequent purchaser. In support of his contention the plaintiff cites, Salzer Lumber Co. v. Claflin, 16 N. D. 601, 113 N. W. 1036; Thompson Yards v. Bunde, 50 N. D. 408, 196 N. W. 312, 30 A.L.R. 538; Gagnon v. Veum, 40 N. D. 563, 163 N. W. 174. In each of the cases cited the contract of sale under consideration specifically granted to the vendee the right to the possession of the property sold during the time in which the contract was to be performed. In such circumstances this court has held that the vendee acquires the equitable title to the property and the vendor holds the legal title in trust as security for the performance of the vendee's contract. Here the situation is entirely different. Assuming, as plaintiff claims that there actually was a contract between Dubs and the receiver for the purchase of this land, the contract was to purchase for cash. The fair implication of the vendee's offer and the vendor's acceptance, if they may be considered as such, is that the vendee would not be entitled to the possession of the land until such time as the contract was fully performed. In any event, the general rule appears to be that "a vendee under a contract for sale of real estate is not entitled to possession until full performance unless the contract specifically provides." Stukenholtz v. Parriott, 113 Neb. 296, 202 N. W. 873; Way v. Root, 174 Mich. 418, 140 N. W. 577; Wood v. Irving, 159 Iowa, 658, 140 N. W. 880; Polczynski v. Nowicki, 227 Mich. 415, 198 N. W. 976.

It follows, that since Dubs acquired no right of possession under his contract he had no right of possession which he could transfer to the

plaintiff and his lease to the plaintiff was void as to one who purchased the property after he had rescinded his contract.

The judgment of the trial court will therefore be affirmed.

NUESSLE, Ch. J., and MORRIS, CHRISTIANSON, and BURR, JJ., concur.