(99 N. W. 63.)

---

ALICE M. McCLURE v. JOHN J. HUNNEWELL.

Opinion filed March 9, 1904.

**Injunction Pendente Lite — Complaint — Affidavit.**

> 1. To authorize an injunction pendente lite pursuant to subdivision 1, section 5344, Rev. Codes 1899, the complaint must exhibit a right to a judgment of injunction, and the demand for relief must pray that the defendant be restrained from the commission or continuance of the act complained of, the commission or continuance of which, during the litigation, would produce injury to plaintiff. A defect in the complaint in this regard cannot be supplied by affidavit.

Appeal from District Court, Ward county; *Palda, J.*

Action by Alice M. McClure against John J. Hunnewell. Judgment for plaintiff and defendant appeals.

Reversed.

*James Johnson,* for appellant.

The plaintiff had adequate remedy at law; the action itself was an action at law, only a money judgment being asked. No injunction lies. Stone v. Snell, 94 N. W. 525; Ganow v. Denney, 94 N. W. 959; Forman v. Healey, 11 N. D. 563, 93 N. W. 866.

*N. Davis*, for respondent, filed no brief.

COCHRANE, J.   The parties hereto are rival claimants to a quarter section of public land.   The complaint alleges that plaintiff was in possession of the land described under the homestead laws of the United States and that the defendant unlawfully entered upon the land and dug a ditch or tunnel thereon, to plaintiff's damage in the sum of $200, and prays for a money judgment of $200 and costs. An order to show cause was obtained upon affidavit and, after hearing, an injunction *pendente lite* was issued, restraining "the defendant and each of his servants, employees, agents and each and every person acting for and under him, from in any manner trespassing or going upon the land described for any purpose whatever, and from in any manner interfering with or disturbing plaintiff in her occupation, use and cultivation of said described land, during the pendency of this action."   Defendant appealed from this order.

The complaint does not state a cause of action for injunctive relief and such relief is not demanded in the complaint.   The statute (section 5344, subd. 1, Rev. Codes 1899), provides:   "When it shall appear by the complaint that the plaintiff is entitled to the relief demanded, and such relief, or any part thereof, consists in restraining the commission or continuance of some act, the commission or continuance of which during the litigation would produce injury to the plaintiff," an injunction may be granted.   This statute is exclusive, and defects in the complaint cannot be made good through affidavits used to support the motion for temporary injunction.   This case is ruled by the case of Forman v. Healey, 11 N. D. 563, 83 N. W. 866.

The order appealed from is reversed.   All concur.
(99 N. W. 48.)