SECURITY STATE BANK OF CROSBY, NORTH DAKOTA, (now First and Security State Bank of Crosby, North Dakota), Respondent, v. EDWIN PETERSON, Appellant.

(229 N. W. 921.)

Opinion filed March 25, 1930.

*T. S. Stuart* and *Thos. C. Jepson,* for appellant.

*George P. Homnes,* for respondent.

CHRISTIANSON, J. The defendant has appealed from an order of the district court of Divide county denying his application for an injunction. The determinative facts are as follows: On September 4, 1923, a judgment was rendered by the district court of Divide county in the above entitled action in favor of the plaintiff and against the defendant for the sum of $1696.23. On September 8, 1923, this judgment was entered and docketed in the office of the clerk of the district court of said Divide county. On January 27, 1925, the defendant paid the plaintiff $980.88, which was duly credited upon the judgment. On December 2, 1929 the plaintiff caused execution to be issued upon the judgment and the same was placed in the hands of the sheriff of said county. Thereafter the sheriff levied upon certain property belonging to the defendant. On December 17, 1929, the defendant applied to the Hon. John C. Lowe, one of the judges of the said district court, for an order enjoining all proceedings upon the execution. In support of the application the defendant submitted his affidavit to the effect that on September 9, 1926, he and the plaintiff had entered into an agreement whereby the plaintiff agreed to accept the defendant's note in the sum of $715.35 in payment of the judgment; and that the defendant thereupon executed and delivered such note to the plaintiff. The affidavit further sets forth the issuance of the execution and the levy made by the sheriff thereunder. The affidavit, also, states that the defendant Peterson has instituted an action in the district court of Divide county against the said above named bank as defendant for cancellation of the judgment, and that the summons and complaint in said action were served upon the said bank as defendant in such action on December 16, 1929. Upon such application the said judge of said district court issued an order citing the above named bank to show cause on December 23, 1929 why it should not be enjoined from proceeding under the execution. The order further provided that pending such hearing the plaintiff be enjoined from "any further procedure whatsoever against the defendant, under said execution." Upon the return day both parties appeared and the plaintiff bank submitted in opposition to defendant's application the affidavit of one Brevig, the cashier of said bank. Brevig denied that any agreement had been made whereby the judgment had been paid or plaintiff had agreed to satisfy or release the same. He admitted that the defendant had executed and delivered to

the plaintiff a promissory note for the amount stated in defendant's affidavit; but, he averred that the note was executed and delivered under an agreement between the bank and the defendant ,whereby the defendant Peterson agreed to release and waive any equity he might have in certain collateral notes held by the bank; that in consideration of such release and waiver the bank agreed to accept from the defendant the sum of $715.35 (or some $267.80 less than the amount then due upon the judgment) ; and that as a part of such transaction the defendant executed and delivered to the bank said note for $715.35, but that the said note was executed and delivered with the understanding that it was to be taken as collateral to the judgment and that the judgment was to remain in full force and effect, and was not to be satisfied or released until the note was paid. After due consideration the trial court entered an order denying defendant's application for an injunction, dismissed the proceeding, and vacated the restraining order contained in the order to show cause. The appeal before us is from such order.

The trial court was clearly correct in denying the application for an injunction in this case. Under the laws of our state an injunction can be issued by the district court either : (1) In a pending action or special proceeding (Comp. Laws 1913, §§ 7528–7530) ; or (2) To enjoin the foreclosure, by advertisement, of a mortgage on real or personal property. Comp. Laws 1913, §§ 8074, 8124. See also subd. 3, § 7841, Comp. Laws 1913. This court has held that the provisional remedy by injunction is available only to the plaintiff in a civil action and not to the defendant. Forman v. Healey, 11 N. D. 563, 93 N. W. 866. See also McClure v. Hunnewell, 13 N. D. 84, 99 N. W. 48. The record in this case affirmatively discloses that the application for an injunction is not made in a pending action or special proceeding; for, at the time the application was made the judgment had become a finality, and the action was no longer pending. Comp. Laws 1913, § 7966; Grove v. Morris, 31 N. D. 8, 151 N. W. 779. There is no motion to vacate the judgment. In fact there is no claim that the judgment was obtained in such circumstances as to give rise to any such remedy. On the contrary, it is conceded that the judgment was regularly obtained and duly entered. Nor does the record in the case furnish any basis for treating the application of the defendant as one for a discharge of the judgment

on the ground that it has been paid. The petition taken by the defendant, both in the trial court and in this court, is directly to the contrary. In his brief he asserts that the district court had no right to consider the merits of the matter further than to determine whether the defendant was acting in good faith in making the claims which he did; and it is asserted that if his claims were asserted in good faith, that then the court should have granted an injunction and permitted the merits of the controversy to be determined in the action which defendant has instituted for a cancellation of the judgment. There is no claim, however, that the injunction is sought in such action. On the contrary, it is specifically asserted that the injunction is sought in the action in which the judgment was rendered. The trial court had no means of knowing, nor do we have any means of knowing, what facts are set forth in the complaint in such action; for the complaint is not made a part of the record. The only fact presented is the bare statement in defendant's affidavit that an action has been brought. Whether the complaint in that action sets forth any facts justifying the issuance of a temporary injunction (Burton v. Walker, 13 N. D. 149, 100 N. W. 257) we, of course, are in no position to determine; and obviously that question is not involved and cannot be determined here. It follows from what has been said that the decision of the trial court is correct. The order appealed from is affirmed.

Burke, Ch. J., and Birdzell, Nuessle and Burr, JJ., concur.